**Richmond.**

MORRISON'S EX'OR & ALS. V. HOUSEHOLDER'S ADM'R & ALS.

December 4, 1884.

1. PRACTICE IN CHANCERY—*Amended Bill.*—Demurrer to bill being sustained for formal defects, the amended bill filed by leave is a continuation of the suit, the commencement whereof stopped the running of the statute of limitations.

2. STATUTE OF LIMITATIONS—*Fiduciaries—Stay-period.*—In computing time within which suits on demands against fiduciaries may be brought, the stay-period must be eliminated as in other cases.

3. IDEM—*Case at Bar.*—H.'s guardianship of J. and G. revoked in 1852. G. died under age. J. attained majority, April 16, 1860. Suit instituted September 18, 1871, against H.'s sureties to recover amount due ward—
HELD:

> Statute began to run 16th April, 1860. Period from 17th April, 1861, to 1st January, 1869, being eliminated, only three years, eight months and nineteen days had elapsed of the ten years necessary to bar suit against such sureties when the suit was instituted.

4. LACHES—*Case at Bar.*—Equity does not lend its aid to enforce *stale* demands, when, by reason of the death of parties, or loss of papers, or other circumstances, there can no longer be a safe determination of the controversy. But in case at bar such circumstances do not exist. *Updike* v. *Lane*, 78 Va. 132; *Rowe* v. *Bentley*, 29 Gratt. 756.

5. EVIDENCE—*Record—Admission.*—Record of one suit is admissible in another in favor of a stranger against a party thereto, not as a judgment conclusively establishing a fact, but as an admission.

6. APPELLATE COURT—*Report—Exceptions.*—For errors, not apparent on face of commissioner's report, exceptions cannot for first time be taken here.

Appeal from decree of circuit court of Loudoun county, rendered November 3d, 1881, in the cause of E. V. White, late

sheriff of said county, and as such administrator of G. W. Householder, deceased, and John L. Jordan and Julia, his wife, against Joseph P. Grubb, executor of Edward Morrison, deceased, and N. B. Peacock, administrator of Thomas White, deceased.

H. Householder qualified in October, 1848, as guardian of G. W. and Julia Householder, and gave bond with said Morrison and White as sureties. In October, 1852, his powers were revoked and John W. Hamilton succeeded him  H. Householder then made an assignment to secure his creditors, indemnifying his said sureties. In 1852, suit was brought in the style of *Hamilton* v. *Hamilton* to administer this trust, and Morrison, White, and John W. Hamilton were parties. The accounts of H. Householder, as guardian, were settled and a balance found due each ward. Upon these balances dividends were declared out of the trust fund to the amount of fifty-one per cent. and paid to Hamilton, then guardian. In 1871, the suit was dropped from the docket. H. Householder died in 1853 insolvent. G. W. Householder died under age in 1859 and his estate was committed to the sheriff. Julia married John L. Jordan and attained her majority April 16, 1860.

On 18th September, 1871, this suit was brought to recover from the estates of these sureties the balance due the wards from H. Householder. Account taken and reported showed a balance of $1,799.11 due each ward. The report was based on the record of the accounts of H. Householder, guardian, as settled in the suit of *Hamilton* v. *Hamilton*, credit being allowed for the fifty-one per cent. dividends received in this suit by John W. Hamilton as guardian. Morrison's executor demurred to the bill for misjoinder of one and non-joinder of another party. Demurrer was sustained and leave given to amend within sixty days, which was done, but process issued not on it till after that time. To the amended bill that executor demurred and pleaded the statute of limitations. On hearing, in November, 1881, neither demurrer nor plea was sustained; the report was con-

firmed and a decree entered in favor of the complainants for the sums found due them.  From this decree the defendants appealed.  The points raised by way of defence are stated in the opinion.

*H. Heaton & E. Nichols* for the appellants.

*J. M. Orr, C. H. & R. H. Lee, Harrison & Powell* for the appellees.

Lewis, P., delivered the opinion of the court:

The original bill was filed and process served on the 18th September, 1871, and after various proceedings had been had in the cause, a demurrer to the bill was sustained by the decree of the 22d October, 1877, with leave, however, to file an amended bill within sixty days after the rising of the court.  The grounds upon which it would seem the demurrer was sustained, were the misjoinder, as a plaintiff, of Drucilla Householder, a distributee of the deceased male ward, and the failure to make the personal representative of Hamilton Householder, the first guardian, a party to the suit.  These defects being formal merely, an amendment of the bill was properly allowed.  Story's Eq. Pl., sec. 237 ; *Sillings and others* v. *Bumgardner*, 9 Gratt. 273 ; *Holland and Wife* v. *Trotter*, 22 *Id.* 136; *Belton* v. *Apperson*, 26 *Id.* 207 ; *Hurt* v. *Jones and Wife*, 75 Va. 341.  The amended bill was accordingly filed in the office within the specified time, though process upon it was not issued until after the expiration of that time.  And having been thus filed in accordance with the terms of the decree, it must be taken as a continuation of the original bill, and as forming part of it; for both constitute but one record.  1 Dan'l Ch'y Pr., chap. VI, sec. 8.

Then as to the plea of the statute of limitations.  It appears that the powers of Hamilton Householder, as guardian, were revoked by the county court in October, 1852, and that at the

same term James W. Hamilton was appointed in his stead. The female ward married in January, 1856, and attained her majority on the 16th day of April, 1860. Assuming that the right of action accrued at the date of the revocation of the guardian's powers (Code 1873, ch. 146, sec. 9), she, being then under the disability of infancy, was allowed by the statute the same time within which to sue, after becoming of full age, as is allowed to a person having no such impediment to bring an action after the right accrues, except that in no case can suit be brought after twenty years from the time the right accrues. *Id.* ch. 146, sec. 18. The limitation to a suit on a guardian's bond is ten years after the right accrues. *Id.* sec. 8. Then from the 16th day of April, 1860, to the 17th day of April, 1861, (when the war began) is one year and one day, and from the 1st day of January, 1869, to the 18th day of September, 1871, (when the suit was brought) is two years, eight months and eighteen days; or three years, eight months and nineteen days for the running of the statute before the commencement of the suit, which was less than twenty years from the time the right of action accrued.

But the appellants insist that the stay law did not apply to the collection of demands against fiduciaries, and that therefore the period during which that act remained in force ought not to be excluded from this computation. A sufficient answer to this objection is, that no such exception is to be found in the act itself. Its seventh section declares: "The period during which this act shall remain in force shall be excluded from the computation of the time within which, by the operation of any statute or rule of law, it may be necessary to commence *any* proceeding to preserve or prevent the loss of *any* right or remedy."

The object of the act was to prevent the sacrifice of property by forced sales in the impoverished condition of the people at the time of its passage, and it is difficult to see why the same motive should not have existed to protect from sacrifice estates in the hands of fiduciaries as the individual property of other

persons. Nor does the act except suits against a fiduciary or his sureties, growing out of his default as such fiduciary. Its comprehensive language embraces all proceedings necessary to be commenced to prevent the loss of any right or remedy whatsoever. *Johnston* v. *Gill*, 27 Gratt. 587.

It appears that the male ward, George W. Householder, died in January, 1859, under the age of twenty-one years, and if we deduct the period of the war, and the time during which the stay law was in force, the suit was brought within ten years thereafter. It is plain, therefore, that the defence of the statute of limitations was properly overruled.

Equally unfounded is the defence based upon the alleged presumption of payment. It is true, that upon the revocation of the powers of the first guardian a second was appointed in his stead; but the latter had no right to sue the former in his own name, or to call upon him to account for his transactions as guardian. *Lemon* v. *Hansbarger*, 6 Gratt. 301; *Sillings* v. *Bumgardner*, 9 *Id.* 273. Moreover, Hamilton Householder died in 1853, and the debt was afterwards reported as unpaid in the suit of *Hamilton* v. *Hamilton;* and there is nothing in the record to warrant the presumption of payment, upon which appellants rely.

Enough has already been said to show that the defence, founded upon lapse of time and the alleged *laches* of the appellees, cannot be sustained. It is true that equity will not lend its aid to enforce *stale* demands, when, by reason of the death of parties, or loss of papers, or from other circumstances, there can no longer be a safe determination of the controversy. *Carr's Adm'r* v. *Chapman's Legatees*, 5 Leigh, 164; *Caruther's Adm'rs* v. *Trustees of Lexington*, 12 *Id* 617; *Smith* v. *Thompson's Adm'r*, 7 Gratt. 112; *Hatcher and others* v. *Hall and others*, 77 Va. 573. But such circumstances do not exist in the present case. The transactions in question have not become obscured by lapse of time; the sums sought to be recovered are not uncertain; the evidence to enable the court to do justice between

the parties has not been lost. On the contrary, the demands sought to be enforced were definitely ascertained in the lifetime of the sureties in a suit to which they were parties, and the delay which has occurred in proceeding against them is reasonably accounted for by the infancy of the wards, the war, and other circumstances. *Rowe* v. *Bentley,* 29 Gratt. 756, 763.

Finally, it is insisted that the decree is not supported by the proofs in the case. But the objection is not well founded. The sureties were parties to the suit of *Hamilton* v. *Hamilton,* the object of which was to enforce the trust deed for the benefit of Hamilton Householder's creditors, and in that suit they themselves established the indebtedness of Householder as guardian, in order to avail themselves of the indemnity provided for them as sureties on the guardian's bond by the terms of the trust deed. The balance due the wards was ascertained to be $2,284.09, as appears by the report of Commissioner Luckett returned in that suit, and the record of that suit was admissible evidence in favor of the wards against the personal representatives of the sureties in the present suit. The rule is thus laid down by Greenleaf: " A record may be admitted in evidence in favor of a stranger against one of the parties as containing a solemn admission or judicial declaration by such party in regard to a certain fact. But in that case it is admitted not as a judgment conclusively establishing the fact, but as the deliberate declaration or admission of the party himself that the fact was so. It is, therefore, to be treated according to the principles governing admissions, to which class of evidence it properly belongs." 1 Greenl. on Evi. § 527, *a.* Moreover, as no exception was taken to the last report of the commissioner reporting the balance due, and as no errors appear on the face of that report, it is too late to raise the objection in the appellate court. *Kee's ex'or* v. *Kee's creditors,* 2 Gratt. 117; *Simmons* v. *Simmons' adm'r,* 33 *Id.* 451.

DECREE AFFIRMED.