# Richmond.

## CRALLE v. CRALLE.

### DECEMBER 1st, 1887.

1. DECREES—*Effect—Subsequent alteration.*—When time at which alimony shall begin to be paid, has been fixed by a decree, which on appeal here, has been affirmed in that respect, and the case has gone back to the court below to fix the amount, it is error for that court to change the time of commencing the payment.

2. ALIMONY—*Reasonable—Case at bar.*—When husband is of good business habits, and owned $3,800 worth of property at time of the divorce, $150 *per annum* is a reasonable alimony; and in fixing the amount, evidence of a decree in favor of husband for a legacy, is admissible.

3. APPELLATE COURT—*Commissioner's report—Exceptions.*—Unless commissioner's report on its face shows errors, exceptions will not be allowed to be made for the first time in this court.

Appeal from decree of circuit court of Nottoway county, rendered April 4th, 1885, in a cause wherein George A. Cralle, the appellant, was plaintiff, and Louise W. Cralle, the appellee, was defendant. This cause was before this court on an appeal from a former decree, and is reported in 79 Va., 182. When it went back the circuit court altered the decree appealed from in a respect as to which it had been affirmed by this court, and the plaintiff again appealed. Opinion states the case.

*H. L. Lee,* for the appellant.

*W. H. Mann,* for the appellee.

LEWIS, P., delivered the opinion of the court.

By the decree of September term, 1882, it was decreed by the circuit court that the defendant was entitled to alimony, to be paid by the plaintiff at the rate of twenty-five dollars per month, such payments to commence "*on the 1st day of October*, 1882." And this decree, on appeal, was *affirmed* in every particular, save one, this court being of opinion that the sum decreed by the lower court was excessive, because certain property, acquired by the plaintiff after the date of the divorce decree, formed in part the basis upon which the allowance decreed was estimated and determined. The case is reported in 79 Va., 182.

After the case went back to the circuit court, it was referred to a commissioner to take an account of the property of which the plaintiff was possessed and entitled as of the date of the divorce decree, which was accordingly done. And the cause coming on to be heard, the report of the commissioner was confirmed, and it was decreed that the plaintiff pay to the defendant, as and for alimony, "the sum of one hundred and fifty dollars *per annum, from the 5th day of February*, 1874," the payments to be made quarterly. From this decree an appeal was allowed the plaintiff by one of the judges of this court.

1. The decree of September term, 1882, having ascertained and fixed the sum proper to be paid by the plaintiff to the defendant, and also the date at which the payments should commence, and this court having on the appeal affirmed that decree in the last mentioned particular, it was not within the power of the circuit court, after the cause was remanded, nor is it now within the power of this court, to alter the decree in that or in any other particular in which it was affirmed. The question as to the amount of the allowance was left open, to depend upon the facts as they should thereafter appear in relation to the estate of the plaintiff as of the date of the divorce decree; but the question as to *the date* from which the payments should be made to commence was settled by the decree of affirmance, and cannot now be reopened. The authorities in support of

this proposition are numerous. Many of them are cited in the opinion of the court, delivered by Judge Richardson, at the present term, in the case of *Alex'a Sav. Inst'n* v. *Mc Veigh, Ante,* p. 41, and in *Wash., Ohio and Western Railroad Co.* v. *Cazenove,* 83 Va., 744. The decree complained of is, therefore, erroneous, in so far as it directs the payment of alimony to commence as of a date prior to the 1st day of October, 1882, and nothing more upon that point need be said.

2. In other respects, the decree is unobjectionable. It appears from the report of the commissioner that at the time the decree of divorce was rendered, the value of the plaintiff's property, of all kinds, was $3,800, and that he was then, and is now, "of good business habits and capacity." Included in the property reported by the commissioner is the sum of five hundred dollars, being one-fourth of a sum of two thousand dollars bequeathed to the plaintiff and three others by the will of Mrs. Mary Carter, deceased, and for which a decree was rendered by this court in favor of the legatees, in the case of *Ferguson* v. *Epes,* 77 Va. 499.

To this report the plaintiff excepted on two grounds, as follows: "First, because there is no report as to the faculties and capacity of *the defendant* [the wife] to earn money; second, because there is no full and accurate inquiry and report as to the suit of Ferguson v. Epes, from which it would have appeared that the plaintiff got nothing under the said decree along with the other appellants [legatees], save James H. Ferguson, to whom the other appellants, including the plaintiff, had released and assigned all their interest in the said suit in consideration of his taking the appeal and defraying the costs thereof."

These exceptions the circuit court properly overruled. "The capacity of the defendant to earn money" was not a question in the case, and was, therefore, not a proper subject of inquiry by the commissioner. The only question under the decree of this court, to be referred to a commissioner touching the quantum of the allowance to the defendant, was as to the value of

the plaintiff's property at the date of the divorce decree. All other questions relating to that subject were settled by the decree which this court affirmed, and, as already said, could not be thereafter reopened or inquired into. And as to the second exception, it is sufficient to say that it does not appear that it was pretended before the commissioner that the plaintiff's interest in the suit of Ferguson v. Epes had been released, and the allegation that it had been released, rests upon no other foundation than the bare assertion of the fact in the exception to the report. If such was the fact, it is hardly necessary to say that it was incumbent on the plaintiff not only to show it, but to show *when* the transaction occurred; and in the absence of proof, or the offer to produce any, on the subject, the circuit court could not have properly done otherwise than overrule the exception, as it did.

It is proper to say also, that the evidence upon which the commissioner acted, was returned with his report, and sustains his conclusions. This is said in answer to several objections to the report, which are made for the first time in the petition for appeal. Besides, the matters in relation to which these exceptions are taken, are such as may be affected by extraneous evidence, and the exceptions, therefore, come too late. The rule is that the parts of a report not excepted to, are to be considered as admitted to be correct—both as regards the principles and the evidence upon which they are founded: otherwise the opposite party would be taken by surprise, and, in consequence thereof, injustice might be done. Exceptions partake of the nature of special demurrers, and hence, as the authorities say, the party excepting must "put his finger on the error," that the court may see what it has to decide. It is too late, however, to do so for the first time in the appellate court, unless the report be erroneous on its face. 2 Rob. Pr. (old ed.), 383; *Simmons* v. *Simmons*, 33 Gratt., 451; *Morrison* v. *Householder*, 79 Va., 627; *Ashby* v. *Bell*, 80 *Id.*, 811.

The question, then, is whether the allowance decreed in favor of the defendant is excessive.

In the case of *Bailey* v. *Bailey*, 21 Gratt., 43, wherein a divorce from bed and board was decreed, the property of the husband was estimated to be worth the sum of $9,533, and this court affirmed a decree of the lower court allowing the wife as alimony thirty dollars per month. The case was very fully considered, and is a leading one in Virginia. The opinion of the court was delivered by Judge Christian, in the course of which he said:

"In regard to the allotment of alimony, there is no fixed rule. It is a matter within the discretion of the court. Yet, it is not an arbitrary, but a judicial discretion, to be exercised in reference to established principles of law relating to the subject, and upon an equitable view of all the circumstances of the particular case;" citing Bish. Mar. & Div., sec. 603; *Burr* v. *Burr*, 7 Hill, 207, and other cases. "The general rule in respect to alimony," he continued, "is that the wife is entitled to a support corresponding to her condition in life and the fortune of her husband. And in the language of Nelson, C. J., in *Burr* v. *Burr*, *supra*, ' When the delinquency of the husband has been established, and the wife is the injured party driven by his cruelty or other wrongful conduct from the comfort of domestic enjoyments, she should be liberally supported."

It was also said in the same case, that the duty of a husband to maintain his wife does not depend alone upon his having visible, tangible property, and that where she obtains a divorce on account of his misconduct, she is entitled to a decree for alimony, based upon his ability to earn money, if he has no property. The general rule undoubtedly is, that the *income* of the husband, whether derived or to be derived from his personal exertions or from permanent property, or from both, is the fund from which alimony is decreed, and the amount, as already said, will depend upon the particular circumstances of

each case.    2 Bish. Mar. & Div., (5th ed.) sec's 445, 455, 471, *et seq.*, where the subject is ably discussed, and the authorities are collected.    See also 1 Min. Insts., 282–3; *Harris* v. *Harris,* 31 Gratt., 13; *Carr* v. *Carr,* 22 *Id.,* 168; *Myers* v. *Myers,* 83 Va., 806.

These principles applied to the facts of the present case, as they appeared on the former appeal (79 Va., 182) supplemented by the commissioner's report above-mentioned, lead to the conclusion that the decree, so far as the allowance to the wife from the first day of October, 1882, is concerned, is right. But in the particular already mentioned, namely, in directing the payments to commence as of a date prior to that time, the decree is erroneous, and to that extent must be reversed, with costs to the appellant.

AFFIRMED IN PART AND REVERSED IN PART.