COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Agee
Argued at Chesapeake, Virginia


GINGER LYNN HEATH
                                            OPINION BY
v.    Record No. 0133-02-1        JUDGE ROBERT J. HUMPHREYS
                                          AUGUST 20, 2002
JEFFREY BURTON HEATH


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Robert W. Curran, Judge

          Oldric J. LaBell, Jr., for appellant.

          Douglas J. Walter (McDermott & Roe, on
          brief), for appellee.


      Ginger Lynn Heath ("wife") appeals the circuit court's

October 25, 2001 entry of the final decree of divorce.  Wife

contends the chancellor erred (1) in holding that it was bound by

the commissioner in chancery's determination that no spousal

support should be ordered because wife filed no exception to the

report, and (2) in entering the final decree of divorce consistent

therewith.  For the reasons that follow, we disagree and affirm

the judgment of the chancellor.

                      I.  Background

      Under familiar principles, "[w]e review the evidence in the

light most favorable to . . . the party prevailing below and grant

all reasonable inferences fairly deducible therefrom."[1]  So viewed, the facts below established that Jeffrey Burton Heath ("husband") initiated divorce proceedings against wife in the Newport News circuit court on March 8, 2000.  In her cross-bill, wife sought custody of the parties' minor children, child support, temporary and permanent spousal support, and equitable distribution of the parties' marital property.

The case was referred to a commissioner in chancery on May 30, 2000, for a recommendation on various issues, as well as "whether an order for support and maintenance of a spouse shall be modified or vacated."  Subsequently, the circuit court entered a pendente lite order, directing husband to pay wife $500 per month in temporary spousal support.

The hearing before the commissioner in chancery was held on January 22, 2001.  Husband attended the hearing, with counsel. Wife did not attend the hearing, because of the parties' minor child's medical appointment.  However, wife's counsel attended the hearing on her behalf and raised no objection to proceeding in wife's absence.  In addition, wife's counsel sought no permanent award of spousal support.

In the commissioner's May 31, 2001 report, the commissioner found, among other things, that wife failed to attend the hearing,

---

[1] Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999).

-

that wife failed to subsequently provide medical evidence in support of her absence, and that because wife sought no permanent award of spousal support, during either the pretrial conference or the hearing, no spousal support should be ordered.

Subsequent to the release of the commissioner's report, wife obtained new counsel, who requested additional time to review the report. The trial court granted wife's counsel's request, granting wife additional time to review the report and a ten-day extension of time to file any exceptions to the report. However, no exceptions were filed within the extension period.

On October 25, 2001, the circuit court held a hearing on husband's motion for entry of the final decree of divorce. The proposed final decree stated, "because [wife] did not seek an award of spousal support, none is ordered." Wife objected to the entry of the proposed decree because of the denial of spousal support. The chancellor overruled the objection and entered the final decree containing no spousal support award, finding that it was "legally bound by the recommendations and provisions of the report relating to the matter because no exceptions to the commissioner's report had been filed within the extended time specified by the Court."

## II. Analysis

It is well settled that the chancellor has broad discretion in awarding spousal support under Code §§ 20-107.1 and 20-107.3.[2] Such awards will not be set aside unless the record shows that some injustice has been done.[3] "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled."[4]

Further, although the report of a commissioner in chancery does not carry the weight of a jury's verdict,[5] "'an appellate court must give due regard to the commissioner's ability, not shared by the chancellor, to see, hear, and evaluate the witnesses at first hand.'"[6] "A commissioner's findings of fact which have been accepted by the trial court 'are presumed to be correct when reviewed on appeal and are to be given "great weight" by this

---

[2] Gibson v. Gibson, 5 Va. App. 426, 434, 364 S.E.2d 518, 523 (1988). See also Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987) (superseded by statute on other grounds).

[3] Id.

[4] Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).

[5] See Code § 8.01-610.

[6] Jarvis v. Tonkin, 238 Va. 115, 122, 380 S.E.2d 900, 904 (1989) (quoting Morris v. United Virginia Bank, 237 Va. 331, 337-38, 377 S.E.2d 611, 614 (1989)).

Court.  The findings will not be reversed on appeal unless plainly wrong.'"[7]

"The use of commissioners in chancery has been of long standing in Virginia."[8]  Specifically, we have found that there is nothing improper about referring "questions . . . to a commissioner in chancery,"[9] as long as the trial court fulfills its "duty to make factual determinations" by either "affirm[ing] or reject[ing] the commissioner's report, in whole or in part, according to the view the court entertains of the law and the evidence."[10]  By statute, "[e]xceptions to a commissioner's report shall be filed within ten days after such report has been filed with the court."[11]

In this instance, the chancellor specifically stated in his decree of reference that, pursuant to the parties' joint motion under Code § 20-107.3, the parties were to present the commissioner in chancery with evidence and testimony concerning

---

[7] Barker v. Barker, 27 Va. App. 519, 531, 500 S.E.2d 240, 245-46 (1998) (quoting Rowe v. Rowe, 24 Va. App. 123, 140, 480 S.E.2d 760, 768 (1997) (quoting Pavlock v. Gallop, 207 Va. 989, 994, 154 S.E.2d 153, 157 (1967))).

[8] Klein v. Klein, 11 Va. App. 155, 159, 396 S.E.2d 866, 869 (1990).

[9] Id.; see also Code §§ 8.01-607 and 8.01-615.

[10] Kaufman v. Kaufman, 7 Va. App. 488, 501-02, 375 S.E.2d 374, 381 (1988) (citing Code § 8.01-610).

[11] Klein, 11 Va. App. at 160, 396 S.E.2d at 869 (citing Code § 8.01-615).

-

various issues, including the amount of any monetary award to either party, and:

> (a) whether an order for support and maintenance of a spouse shall be modified or vacated, (b) whether any such maintenance and support shall be made in periodic payments or in a lump sum award, or both, and (c) the amount or amounts [and] any other provision(s) thereof, all pursuant to criteria and subject restrictions set forth in Section 20-107.1 . . . .

The decree also directed the parties to provide evidence concerning "such other inquiry as may be agreed upon by the parties or to the Commissioner shall seem meet."

Wife raised no objection to the decree of reference referring the case to the commissioner. Further, wife had the opportunity to request and present evidence on the issue of spousal support at the hearing, but failed to do so.

Moreover, wife's claim that the letter sent to the parties by the commissioner, describing the scope of the hearing, did not "mention spousal support as a subject to be covered," as well as her claim that the issue of spousal support was not "taken up at the commissioner's hearing," simply demonstrates a lack of diligence and/or carelessness in pursuing the issue. The court specifically ordered the commissioner to consider the matter of support, as well as any other matters deemed appropriate by the parties and the commissioner, during their hearing, pursuant to

-

their joint motion for dissolution of the marriage and distribution of the parties' assets under Code § 20-107.3.[12]

In addition, wife filed no exceptions to the commissioner's report within the statutorily prescribed time limit, or within the extension of time granted by the trial court.  Accordingly, the record provides no indication that wife properly raised in the trial court her question presented.  In making this ruling, we note that any objection raised for the first time during the hearing on husband's motion for final decree of divorce, raised approximately four months past the ten-day deadline for filing exceptions to the commissioner's report, was not timely raised and was not properly before the chancellor.[13]  It has long been

_____

[12] Wife's claim that Code § 20-107.3(F) "provides that after a marital property award is made, the court '. . . shall, after or at the time of such determination and upon the motion of either party, consider whether an order for support and maintenance of a spouse . . . shall be entered or if previously entered whether such order shall be modified or vacated," is also without merit and demonstrates an obvious misinterpretation of the statute.  Code § 20-107.3(D) gives the trial court discretion to grant a monetary award.  By its plain and unambiguous language, subsection (F) directs the court to "determine the amount of any such monetary award without regard to maintenance and support awarded either party," and to determine whether an award for spousal support should be entered and/or modified or vacated "after or at the time of such determination."  Code § 20-107.3(F) (emphasis added).  This is precisely what the chancellor did in this situation, when it ordered the parties to present evidence of any claim to a monetary award, as well as spousal support, to the commissioner.

[13] See Code § 8.01-615.

-

settled that "[a] party who believes the commissioner's report to be in error must except to the perceived error . . . ."[14]

Finally,

> [t]he rule is that the parts of a report not excepted to, are to be considered as admitted to be correct — both as regards the principles and the evidence upon which they are founded: otherwise the opposite party would be taken by surprise, and, in consequence thereof, injustice might be done.  Exceptions partake of the nature of special demurrers, and hence, as the authorities say, the party excepting must "put his finger on the error," that the court may see what it has to decide.  It is too late, however, to do so for the first time in the appellate court, unless the report be erroneous on its face.[15]

Here, "[n]o error appears on the face of the report of the commissioner nor on the face of the decree of the chancellor. Except as to such apparent errors, a report of a commissioner in chancery is prima facie correct."[16]  Thus, "[t]he conclusion of the commissioner and the adjudication of the court, by the decree complained of based thereon, . . . [were] final and

---

[14] Matthews v. Matthews, 26 Va. App. 638, 649, 496 S.E.2d 126, 131 (1998) (citing McLaughlin v. McLaughlin, 2 Va. App. 463, 470, 346 S.E.2d 535, 539 (1986)).

[15] Cralle v. Cralle, 84 Va. 198, 201, 6 S.E. 12, 13-14 (1887) (citing Simmons v. Simmons, 74 Va. 451 (33 Gratt.) (1880); Morrison v. Householder, 79 Va. 627 (1884); Ashby v. Bell, 80 Va. 811 (1885)).

[16] Trotman v. Trotman, 148 Va. 860, 867-68, 139 S.E. 490, 494 (1927).

-

conclusive upon [wife] and are not open to review in this court."[17]

Thus, we find no abuse of discretion on the part of the chancellor in refusing to consider the spousal support issue on the merits, for the first time, during the hearing on the motion to enter the final divorce decree. For the foregoing reasons, the judgment of the chancellor is affirmed.

Affirmed.

---

[17] Id. at 868, 139 S.E. at 492 (citations omitted).