COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Fitzpatrick
Argued by teleconference


RICKY WAYNE THOMPSON

                                            MEMORANDUM OPINION[*] BY
v.      Record No. 0194-07-3        JUDGE ELIZABETH A. McCLANAHAN
                                                FEBRUARY 5, 2008
TANYA BROOKS THOMPSON


              FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                            Thomas H. Wood, Judge

              Nancy A. Frank for appellant.

              Frankie C. Coyner for appellee.


        Ricky W. Thompson (husband) contends the trial court erred by (1) refusing to allow him

to file exceptions to the commissioner's report after the statutory filing deadline, (2) "not

overruling certain filings and recommendations" in the commissioner's report, (3) failing to find

wife deserted him, and (4) awarding wife permanent spousal support.  We disagree and affirm

the decision of the trial court.

                                            I.

        Husband argues the trial court erred by refusing to allow him to file his exceptions to the

commissioner's report beyond the statutory time limit.  On February 8, 2006, the commissioner

filed a report with the court outlining his recommendations regarding equitable distribution and

attorney's fees issues.  Husband did not file objections to the report until March 13, 2006, more

than ten days after the filing of the report, in violation of Code § 8.01-615, and did not request an

extension of time to file.  Code § 8.01-615 provides, in pertinent part, that "[e]xceptions to the

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

commissioner's report shall be filed within ten days after the report has been filed with the court, or for good cause shown, at a later time specified by the court." Husband asked the trial court to excuse his noncompliance with Code § 8.01-615, or in the alternative, consider his objections pursuant to Code § 8.01-610. The court denied husband's request.

Husband alleges that his "delay in filing the exceptions was brought about by representations of [wife's] counsel" that if he did not file exceptions to the report, wife would not seek spousal support. The record does not support husband's contention that wife's counsel acted in bad faith. We find no error in the court's adherence to the statutory time period.

## II.

Husband argues the trial court, pursuant to Code § 8.01-610,[1] should have overruled certain findings in the commissioner's report. However, by not filing his exceptions in the ten days afforded to him by Code § 8.01-615, husband forfeited his right to have his exceptions to the commissioner's report heard by the trial court.

> "The rule is that the parts of a report not excepted to, are to be considered as admitted to be correct—both as regards the principles and the evidence upon which they are founded: otherwise the opposite party would be taken by surprise, and, in consequence thereof, injustice might be done. Exceptions partake of the nature of special demurrers, and hence, as the authorities say, the party excepting must 'put his finger on the error,' that the court may see what it has to decide. It is too late, however, to do so for the first time in the appellate court, unless the report be erroneous on its face."

---

[1] Code § 8.01-610 provides: "The report of a commissioner in chancery shall not have the weight given to the verdict of a jury on conflicting evidence, but the court shall confirm or reject such report in whole or in part, according to the view which it entertains of the law and the evidence." Even though a commissioner's report does not carry the weight of a jury's verdict, it should be sustained unless the trial court concludes that the evidence does not support the commissioner's findings of fact. Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984).

- 2 -

Dodge v. Dodge, 2 Va. App. 238, 241, 343 S.E.2d 363, 364 (1986) (quoting Cralle v. Cralle, 84 Va. 198, 201, 6 S.E. 12, 13-14 (1887) (citations omitted)).  The record reveals that the trial court reviewed the commissioner's report and concluded there had been no miscarriage of justice or material mistake and that the evidence supported the commissioner's findings.  On appeal, a trial court's decision which approves a commissioner's report will be affirmed unless plainly wrong. Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984).

We find no error in the court's acceptance of the commissioner's report.

III.

Husband asserts in his Questions Presented 3 and 4 that the trial court erred by failing to find wife "guilty of desertion" and that the trial court erred in its award of permanent spousal support to wife.  While husband did object to the entry of the final divorce decree, he did not object to any specific ruling or state his "grounds therefor," as required by Rule 5A:18.  See Lee v. Lee, 12 Va. App. 512, 404 S.E.2d 736 (1991).   Husband only cites to the opinion letter from the trial judge and the final divorce decree, which was signed "SEEN AND OBJECTED TO" by husband's counsel.

Objecting generally to an order of the trial court does not satisfy Code § 8.01-384 or the Rules of Court.[2]  Since Rule 5A:18 provides that "[a] mere statement that the judgment or award is contrary to the law and the evidence is not sufficient," it follows that a statement that an order

---

[2] Code § 8.01-384 addresses the requisites for complying with Rule 5A:18:

> Formal exceptions to rulings . . . [are] unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court take or his objections to the action of the court and his grounds therefor.

is "SEEN AND OBJECTED TO" must also be insufficient to preserve an issue for appeal.  <u>Lee</u>,

12 Va. App. at 515, 404 S.E.2d at 737-38.

The decision of the trial court is, therefore, affirmed.

<u>Affirmed.</u>