COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Fulton and Lorish
Argued at Fairfax, Virginia


GEORGE BAILEY, JR.

v.      Record No. 0003-25-4

A. DELORES BAILEY, A/K/A
 ALMA DELORES BAILEY                                    MEMORANDUM OPINION* BY
                                                        JUDGE JUNIUS P. FULTON, III
                                                        DECEMBER 30, 2025
A. DELORES BAILEY, A/K/A
 ALMA DELORES BAILEY

v.      Record No. 0186-25-4

GEORGE BAILEY, JR.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Penney S. Azcarate, Judge

(George Bailey Jr., on brief), *pro se*. Appellant submitting on brief.

Michael A. Williams (Howard B. Silberberg; Williams Law Firm,
PLLC, on briefs), for A. Delores Bailey.

No brief or argument for appellee George Bailey, Jr.


George Bailey and Delores Bailey each held an interest in the Grant Street Properties

Partnership during their marriage and for several decades after their divorce in 1995. After Delores

suspected George of misusing partnership assets, she filed a complaint, alleging that George had

failed to comply with his fiduciary duties with regard to financial reporting and use of the

partnership assets and that George had tortiously converted her share of the partnership proceeds for

his personal use. The trial court agreed with Delores and ordered George to pay Delores

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

compensatory and punitive damages but denied her an award of attorney fees. On appeal, both assign error to the trial court's revised final order. George argues that Delores's claims are barred by the statute of limitations because her amended complaint was improperly allowed to relate back to the date of the original complaint. Delores cross-appeals the trial court's denial of her request for attorney fees. After review, we affirm the trial court.

## I. BACKGROUND[1]

The Grant Street Properties Partnership was formed in 1985 while George and Delores were married and survived their divorce in 1995. In 2013, Delores began to suspect that George had been keeping information and assets of their partnership from her and decided to file a complaint.[2] In her complaint, Delores alleged that George had failed to provide her any information about the partnership's business and operations. Additionally, she claimed that George breached his duties of loyalty and fair dealing by receiving proceeds from the sale of a 630 Grant Street property owned by the partnership and that George "possess[ed] and use[ed] . . . the Partnership property" without distributing Delores's share to her.

In 2014, the case was referred to a Commissioner in Chancery who, after years of discovery, allowed Delores to amend her complaint. The amended complaint included claims that George had wrongfully purchased and sold 628 Grant Street, a property abutting the 630 Grant Street property. Specifically, Delores alleged that George bought the 628 Grant Street property for $10,000 in his own name without notifying her and then sold it to the new owners of 630 Grant Street for $225,000. Delores alleged that George then kept all the proceeds from this

---

[1] "Under the applicable standard of review, we view the evidence in the light most favorable to [Delores] as the party who prevailed below." *Bennett v. Commonwealth*, 69 Va. App. 475, 479 n.1 (2018) (citing *Riner v. Commonwealth*, 268 Va. 296, 303, 327 (2004)).

[2] At the time, George owned 80% of the partnership and Delores owned 20%.

sale for himself. The trial court affirmed the Commissioner's recommendation to allow Delores to amend her complaint, and George did not object, filing an answer to the amended complaint.

However, George then filed a plea in bar, where he argued that Delores had improperly added additional claims regarding the 628 Grant Street property to her amended complaint in violation of Code §§ "8.01-6.1, 8.01-246 or 8.01-248" and that these additional claims should be barred by the statute of limitations in Code §§ "8.01-246 or 8.01-248." The Commissioner denied his plea in bar.[3]

On August 15, 2023, the Commissioner filed his initial report. In this report, the Commissioner addressed George's arguments regarding the timeliness of the claims brought in the amended complaint and determined that they did not violate Code § 8.01-6.1. Delores filed exceptions to the report, George did not. Upon review, the trial court granted Delores each of her exceptions[4] and remanded the case back to the Commissioner to determine only whether George owed punitive damages and attorney fees to Delores.

After the Commissioner's initial report, George filed a "Motion for Reconsideration of the Following Issues" in which he reiterated his statute of limitations arguments under Code § 8.01-6.1 in relation to the 630 Grant Street property. The trial court denied his motion for reconsideration, finding that "issues relating to insufficiency of pleadings and the statute of limitations were waived by failure to challenge by timely demurrer or plea in bar; and the Motion

---

[3] There is no evidence in the record as to whether the trial court accepted or rejected the Commissioner's ruling on the plea in bar. As we address below, it is the appellant's burden to obtain a ruling from the trial court on any issue the appellant wishes to appeal. *See infra*, n. 9.

[4] There is no clear indication in the record as to whether the trial court accepted or rejected the Commissioner's report, only that it sustained all of Delores's exceptions.

for Reconsideration has not raised any issues such that this Court should reverse its ruling . . . ."[5] This is the first and only time that George objected to an adverse ruling by the trial court as to his statute of limitations argument under Code § 8.01-6.1.

On August 29, 2024, the Commissioner filed its supplemental report on punitive damages and attorney fees, awarding Delores punitive damages but no attorney fees. Both Delores and George filed exceptions to the Commissioner's supplemental report. After review, the trial court entered a final order granting Delores her exceptions, compensatory damages, and punitive damages, but refused to award her attorney fees, finding that there was no legal basis to do so. George's exceptions to the supplemental report were all denied.

The trial court initially issued its final order on October 25, 2024; however, on November 8, 2024, the trial court suspended its final order. In a revised final order issued December 27, 2024, the trial court (1) vacated the October 25 final order, (2) overruled George's exceptions to the supplemental report, (3) sustained all but one of Delores's exceptions to the supplemental report, (4) awarded compensatory and punitive damages against George, and (5) denied an award of attorney fees to Delores. Delores filed a timely notice of appeal, challenging the trial court's denial of attorney fees in its revised final order. George filed a timely notice of appeal, once again reiterating his statute of limitations arguments under Code § 8.01-6.1 as well as the trial court's award of punitive damages to Delores. However, in each of his assignments of error, George assigns error to the trial court's revised final order.

---

[5] While George did file a plea in bar as to the claim concerning the 628 Grant Street property, as explained below, he did not interpose that defense to the other counts brought by Delores.

## II. ANALYSIS

A. George's first two assignments of error are insufficient under Rule 5A:18.

Rule 5A:18 states "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." George's first two assignments of error allege that the trial court erred when it awarded damages to Delores in compensation for his breach of duty, failure to account, conversion of partnership cash for a partnership loan, and for partnership assets because the claims were made in an amended complaint that did not relate back to the date of the original complaint. Therefore, George argues, the claims and the damages resulting from these claims are barred by the statute of limitations.

George argues that his objections to these damages are preserved in his plea in bar. However, his plea in bar only asserted the statute of limitations as an affirmative defense to Delores' claims in relation to his purchase of the 628 Grant Street property and not to the claims that he converted partnership loans or proceeds unconnected to the 628 Grant Street property.[6] Not only did the plea in bar assert the statute of limitations defense only in relation to the 628 Grant Street property, but when George did raise the statute of limitation defense in his motion for reconsideration regarding the conversion of partnership assets unrelated to the 628 Grant Street property, he failed to challenge the trial court's adverse ruling on that motion.[7]

---

[6] Specifically, George's first assignment of error references proceeds from a "partnership loan" and the second assignment of error references damages awarded to Delores related to "her . . . share of . . . cash." Neither of these assignments of error or damage awards are connected to the 628 Grant Street property.

[7] Further, if George wanted to object to those claims unrelated to the 628 Grant Street property, he would have needed to file a separate pleading asserting his argument regarding the statute of limitations. *See* Code § 8.01-235; *Jones v. Jones*, 249 Va. 565, 571-72 (1995). He did not do so.

- 5 -

Therefore, George failed to properly preserve his statute of limitations argument and, as a result, we cannot review his first or second assignments of error.

B. George's third assignment of error failed to properly assign error to the trial court's ruling regarding the 628 Grant Street property.

Under Rule 5A:20(c), an appellant must "list, clearly and concisely and without extraneous argument, the specific errors in the rulings below—or the issue(s) on which the tribunal or court appealed from failed to rule—upon which the party intends to rely." Furthermore, "Rule 5A:12(c)(1) . . . provides that '[i]f the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition for appeal shall be dismissed.'" *Coleman v. Commonwealth*, 60 Va. App. 618, 620 (2012) (second alteration in original); *accord* Rule 5A:20(c)(2) ("If the assignments of error are insufficient, the appeal will be dismissed."). "The purpose of assignments of error is to point out the errors . . . on which [an] appellant intends to ask a reversal of the judgment, and to limit discussion to these points." *Yeatts v. Murray*, 249 Va. 285, 290 (1995).

George's third assignment of error argues that when Delores amended her complaint she added various "new" claims in violation of Code § 8.01-6.1.[8] George's analysis and argument in his opening brief for this assignment of error focuses entirely on what George believes to be "new" claims improperly added to the amended complaint, which, due to the expiration of the statute of limitations in Code §§ "8.01-246 or . . . 248," should be barred. George first raised his statute of limitations argument as to the 628 Grant Street property to the trial court in his plea in

---

[8] George's first three assignments of error all reference awards of damages the trial court gave to Delores, but consistently argued that these damages are improper because they stem from "new claims" that were "added" when Delores amended her complaint and thus would not comply with the statute of limitations. However, George failed to preserve his objections in the first two assignments of error (as addressed previously) and thus we only analyze his third assignment of error here.

bar, which the Commissioner denied on August 15, 2023.[9]  Then, when the initial

Commissioner's report extensively addressed his argument regarding the statute of limitations

and the 628 Grant Street property, he filed no exceptions.[10]  He only raised the statute of

limitations argument regarding the 630 Grant Street property again in his motion for

reconsideration, which the trial court denied.

The revised final order to which George assigns error only overruled George's exceptions

to the supplemental report of the Commissioner and did not address any of the conclusions made

in the initial report.  Although the order granted judgment to Delores in the amount of $38,900 in

damages as her "partnership portion of the profits from the acquisition and sale of 628 Grant

Street property which [he] converted to his own use and benefit," this does not constitute a ruling

---

[9] There is no evidence in the record as to whether the trial court ever accepted the Commissioner's denial of the plea in bar.  "It is the appellant's burden 'to obtain a clear ruling from the [circuit] court' on an issue he wishes to raise on appeal." *Northcraft v. Commonwealth*, 78 Va. App. 563, 610 n.17 (2023) (alteration in original) (quoting *McDaniel v. Commonwealth*, 73 Va. App. 299, 313 (2021)).  "If [the] opportunity [to address an issue] is not presented to the trial court, there is no ruling by the trial court on the issue, and thus no basis for review or action by this Court on appeal." *Hawkins v. Town of South Hill*, 301 Va. 416, 434 (2022) (alterations in original) (quoting *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010)).

[10] We also observe that George's failure to file any exception to the Commissioner's initial report resulted in him likely waiving any objections regarding the statute of limitations argument that was analyzed extensively in the initial report.  Under Code § 8.01-615, George had to file exceptions within 10 days of the initial report unless good cause is shown.  In *Heath v. Heath*, 38 Va. App. 727 (2002), we held that a later objection to a commissioner's report was "not timely raised and was not properly before" the Court for review.

> [T]he rule is that the parts of a report not excepted to, are to be considered as admitted to be correct—both as regards the principles and the evidence upon which they are founded: otherwise the opposite party would be taken by surprise, and, in consequence thereof, injustice might be done. Exceptions partake of the nature of special demurrers, and hence, as the authorities say, the party excepting must "put his finger on the error," that the court may see what it has to decide.

*Id.* at 734 (quoting *Cralle v. Cralle*, 84 Va. 198, 201 (1897)).  George filed no exceptions to the initial report and thus likely waived any objections he might have to the findings therein.

on the statute of limitations argument raised by George. George's endorsement of the revised final order states "seen and objected to due to statute of limitations." While George's objection clearly demonstrates that he objects to the ruling that the amended complaint relates back to the original complaint, he failed to assign error to the order that directly addressed the ruling he objects to—specifically when the trial court ruled on the initial Commissioner's report by sustaining Delores's exceptions to the report.

To be clear, the trial court's revised final order makes no ruling on whether Delores improperly added new claims to her amended complaint.[11] Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty *at the time of the ruling* . . . ." (Emphasis added). In its revised final order, the trial court did not make a ruling on the timeliness of the additional claims in Delores's amended complaint and thus George's objection to the final order is insufficient. We cannot possibly find error with a ruling that does not address the issue George wishes us to review. As a result, we cannot reach the merits of George's third assignment of error.

C. Punitive Damages

The Supreme Court has "repeatedly stated that an award of punitive damages is not favored . . . and should be awarded only in cases involving the most egregious conduct." *Horn v. Webb*, 302 Va. 70, 81 (2023) (quoting *Bowers v. Westvaco Corp.*, 244 Va. 139, 150 (1992)). "[P]unitive or exemplary damages are allowable only where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others." *Id.* (alteration in original) (quoting *A.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 636 (2019)).

---

[11] George did reiterate his arguments under Code § 8.01-6.1 in his exceptions to the supplemental report. However, his objection fails as neither the Commissioner nor the trial court made any ruling on the statute of limitations issue in the supplemental report. The supplemental report was limited to (1) determining the proper award of punitive damages and (2) if attorney fees should be granted to Delores.

"On appeal, this Court will 'make an independent review of the record to determine whether it supports a finding of actual malice or wantonness by clear and convincing evidence.'" *Id.* at 81-82 (quoting *Flippo v. CSC Assocs. III, L.L.C.*, 262 Va. 48, 59 (2001)).

We do not disturb the trial court's finding that punitive damages were appropriate in this case. George repeatedly and deliberately kept information and proceeds of the partnership from Delores for years in violation of his fiduciary duties of loyalty and care as the managing and majority partner. *See* Code § 50-73.102. George repeatedly and deliberately used large sums of the partnership's funds for his own personal use without conferring with or alerting Delores to his actions. To quote the Commissioner in this case, George's "utter disregard for the clear rules associated with the treatment of partnership funds should be punished and discouraged." We agree.

### D. Attorney Fees

In a separate but related appeal, Delores challenges the trial court's denial of her request for attorney fees. We review such a denial under the abuse of discretion standard and will not overrule the trial court's decision unless there is plain error. *See Sobol v. Sobol*, 74 Va. App. 252, 288 (2022).

Virginia adheres to the "American Rule," which mandates that fees are only available if there is statutory or contractual authority specifically allowing for them. *See Nusbaum v. Berlin*, 273 Va. 385, 400 (2007) (". . . the award was at odds with the 'American rule' and our strong adherence to it. Under that rule, 'ordinarily, attorneys' fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary.'" (quoting *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 594 (1989))). The conversion statute from which Delores made her claim does not provide any authority for an award of attorney's fees.

While there are narrow exceptions to the American Rule,[12] the Commissioner and the trial court exercised their discretion and determined that attorney fees were not appropriate in this case. Delores correctly points out that the Supreme Court has found that a showing of a "longstanding course of self-dealing" supports a finding of attorney fees when there is no statutory support. *See Tauber v. Commonwealth ex rel. Kilgore*, 263 Va. 520, 547 (2002). However, while such behavior may support such an award, it does not require the court to award attorney fees. We see no reason to find that the trial court's decision was plainly wrong or that no rational factfinder would have done the same. Therefore, we decline to find that the trial court's refusal to award attorney fees was an abuse of its discretion.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's revised final order.

*Affirmed.*

---

[12] *See Carlson v. Wells*, 281 Va. 173, 188-89 (2011).