**Alexandria**

JAN MCLIN CLAYBERG

v.

RICHARD C. CLAYBERG

Nos. 1615-85 and 0226-86

Decided May 5, 1987

COUNSEL

Mark A. Barondess (Mark B. Sandground, on brief), for appellant.

Richard Camaur, for appellee.

OPINION

**DUFF, J.** — Jan McLin Clayberg (wife) appeals from a final equitable distribution order entered November 29, 1985. The issues presented are: (1) whether the chancellor erred in ordering the wife to relinquish her interest in the jointly-titled marital home to Richard C. Clayberg (husband); (2) whether an award to the wife of fifteen percent of the husband's military pension was an abuse of discretion; and (3) whether the chancellor erred in refusing to award counsel fees and costs to the wife.

After a consideration of the record, briefs, and oral arguments, we hold that the chancellor acted without authority in ordering the wife to relinquish her interest in the marital home. We also hold that the chancellor did not follow the mandatory provisions of Code § 20-107.3 when determining his monetary award. We, therefore, reverse and remand for further proceedings in conform-

ity with the applicable statutes set forth in this opinion. Further, finding no abuse of discretion in the chancellor's denial of attorney's fees and costs, we affirm that part of his final order.

The husband filed a bill of complaint seeking a decree of divorce *a mensa et thoro* on the grounds of actual and constructive desertion with leave to merge the same into an *a vinculo* decree upon the expiration of the statutory period. He also prayed for an equitable distribution of the marital property in accordance with Code § 20-107.3. The wife filed an answer denying the alleged grounds of divorce, praying that the bill be dismissed and requesting that she be awarded counsel fees and costs incurred in defending the action. Testimony was given before a commissioner in chancery. His report to the court indicated that there was insufficient evidence to support any fault ground of divorce. Thereafter, the husband was granted a no-fault divorce *a vinculo matrimonii* on July 15, 1985, and the cause was continued for further proceedings as to the parties' respective property rights.

After a hearing on October 15, 1985, the chancellor issued his letter opinion ordering, *inter alia*, that the wife "relinquish her share" in the parties' jointly-titled marital home. He also awarded her fifteen percent of the husband's military pension. Neither spousal support nor counsel fees were awarded to either party. The final equitable distribution order was entered on November 29, 1985, and this appeal followed.

## I. BACKGROUND

The parties were married in 1959, and three children, all now emancipated, were born of the marriage. The husband was a career army officer from 1955 until his retirement in 1977. From 1959 until 1977, the parties moved thirteen times to more than ten different duty stations. During this period, the wife was unemployed and primarily responsible for raising their children and maintaining the home. She was able to complete her undergraduate education in 1962. In 1977, she earned a master's degree in Germanic languages from George Washington University.

The wife's first employment was in 1978 as a translator of German and French for a patent attorney in Washington, D.C. In November 1979, she became a free-lance translator, an occupation she has maintained since that date. The wife testified that her net income for 1984 was $39,000, but that these earnings were the

result of working approximately sixty hours per week. Her total assets, including a Keogh Plan and an IRA, amounted to $26,621.

At the time of the trial, the husband held a doctorate degree and was employed by Kaman Tempo in Alexandria, Virginia, as a research scientist earning approximately $36,000 per annum. He also received a monthly military retirement payment of $1,347.65.

## II. THE MARITAL HOME

The parties purchased their jointly-titled marital home in 1977 for $89,500. The latest assessment valued the property at $118,025 with an outstanding first deed of trust balance of approximately $77,800.

After the equitable distribution hearing, the court issued a letter opinion reciting the background of the marriage, the current assets held by each party, and their respective financial positions. The wife was ordered to relinquish to Mr. Clayberg her share of the marital home. This was error because Code § 20-107.3 contains no authority for the court to order one spouse to convey to the other his or her interest in jointly-owned marital property. *See Morris v. Morris*, 3 Va. App. 303, 309-10, 349 S.E.2d 661, 664-65 (1986); *Venable v. Venable*, 2 Va. App. 178, 185, 342 S.E.2d 646, 650-51 (1986).[1]

The husband conceded in brief and in argument that the chancellor had no authority to order the wife to transfer her interest in the home. However, he argues that the error was harmless since the chancellor actually partitioned the realty under the authority of Code § 20-107.3(C). We disagree.

While Code § 20-107.3(C) authorizes the court to partition marital property that is titled in the names of both parties or to retain jurisdiction for the purpose of such partition, no directions for implementing the partition are contained in the statute. In *Morris*, we held that partition under this statute was governed by Code § 8.01-81 *et seq.* 3 Va. App. at 310, 349 S.E. 2d at 665. Partition as now permitted in the equitable distribution statute is no different from that permitted prior to the adoption of Code § 20-107.3, except that it may now be done in the divorce case rather than as a separate proceeding. However, when it is done, it must conform to the mandate of Code § 8.01-81 *et seq.*

---

[1] Both cases were decided subsequent to the chancellor's decision in this case.

Code § 8.01-83 provides:

> When partition cannot be conveniently made, the entire subject may be allotted to any one or more of the parties who will accept it and pay therefor to the other parties such sums of money as their interest therein may entitle them to; or in any case in which partition cannot be conveniently made, if the interest of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject, or allotment of part and sale of the residue, the court, notwithstanding any of those entitled may·be a person under a disability, may order such sale, or an allotment of a part thereof to any one of more of the parties who will accept it and pay therefor to the other parties such sums of money as their interest therein may entitle them to . . . .

There is no evidence in the record that the wife was to be paid a sum of money that reflected her interest in the marital property. In fact, there was no express provision for any payment. It is obvious that the chancellor was attempting to roughly equalize the assets of the parties; however, this cannot be done under the guise of partition without considering all of the provisions in Code § 8.01-81 *et seq.* Accordingly, this case is reversed and remanded for further proceedings consistent with the statutory scheme mandated by the legislature.

## III. THE MILITARY PENSION

Next, we turn to the wife's contention that the court abused its discretion in awarding her fifteen percent of the husband's military pension. Because we find that the chancellor did not follow the statutory procedure set forth in Code § 20-107.3, we reverse.

Where the trial court determines that a monetary award is appropriate, then *all* of the provisions of Code § 20-107.3 must be followed. *Rexrode v. Rexrode*, 1 Va. App. 385, 394, 339 S.E.2d 544, 550 (1986). Under the statute's mandate, the court must first identify the marital property and determine its value. *Venable*, 2 Va. App. at 185, 342 S.E.2d at 650-51. Property titled in the names of both parties is marital property. *See* Code § 20-107.3(A)(2)(i). All marital property is subject to equitable distribution. For purposes of determining a monetary award, both parties are deemed to have certain rights and interests in the marital

property. Code § 20-107.3(B). Although these rights and interests do not attach to the legal title of such property, they are to be used as a consideration in determining a monetary award. *Id.; Morris*, 3 Va. App. at 310, 349 S.E.2d at 665.

Upon a review of the record, we find that the monetary award was made without a consideration of the wife's interest in the parties' marital home. The chancellor erroneously ordered the wife to relinquish her share in the marital home and then proceeded to make an award based upon the remaining marital property. We also note that although the chancellor's opinion referred to evidence in the record regarding the value of the military pension, he did not articulate any finding of value from the evidence. We, therefore, reverse and remand for a reevaluation of the monetary award consistent with the provisions of Code § 20-107.3.[2]

## IV.  ATTORNEY'S FEES AND COSTS

The wife contends that the chancellor's failure to award attorney's fees and costs was an abuse of discretion. An award of attorney's fees to a party in a divorce suit is a matter for the chancellor's sound discretion after considering the circumstances and equities of the entire case. *See Rowand v. Rowand*, 215 Va. 344, 346-47, 210 S.E.2d 149, 151 (1974).

In the present case, while the chancellor gave no reasons for the denial of fees and costs, it was implicit that he felt that each party had sufficient income and assets to defray their own expenses. The record supports this conclusion. Under these circumstances, we cannot find that the denial of counsel fees and costs constituted an abuse of discretion.

Accordingly, the final equitable distribution decree is affirmed in part, reversed in part, and remanded for further proceedings.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Benton, J., and Keenan, J., concurred.

---

[2] We do not decide whether the amount of the award in this case constituted an abuse of discretion.