# Hatsey Lannon

## v.

# Lee Conner Realty Corporation

Record No. 870857

November 10, 1989

Present: Carrico, C.J., Compton, Stephenson, Russell, Thomas,* Whiting, and Lacy, JJ.

---

\* Justice Thomas participated in the hearing and decision of this case prior to the effective date of his resignation, November 1, 1989.

*Harry P. Anderson, Jr. (John S. Barr; James A. Lofton; Maloney, Yeatts & Barr*, on brief), for appellant.
*Claude C. Farmer, Jr. (Audrey D. Holmes; Farmer, Starr & Holmes*, on brief), for appellee.

Justice Russell delivered the opinion of the Court.

This appeal from a decree enforcing a mechanic's lien raises two questions: (1) whether the chancellor's discretion was abused in refusing to extend the time for filing exceptions to a commissioner's report, and (2) whether it was error to assess attorneys' fees against the losing party.

The pertinent facts are undisputed. In March 1982, Hatsey Lannon, also known as Harriet H. Lannon, owned a home in Henrico County against which Lee Conner Realty Corporation (Conner) filed a bill to enforce a mechanic's lien. The case remained on the trial court's docket until April 30, 1987 when a final decree was entered enforcing the lien. A necessary change of commissioners in chancery was a major cause of the delay. In May 1982, the cause was referred to a commissioner in chancery. He heard all the evidence in the case at a series of hearings in 1982 and

1983, but never filed a report. In 1984, the commissioner wrote to the court, requesting that he be relieved of the case because of illness. In October 1984, the court referred the cause to a second commissioner in chancery. The second commissioner filed his report on September 11, 1986. The defendant, Mrs. Lannon, made six changes of counsel while the case was pending in the circuit court. She attended one commissioner's hearing without counsel, and argued the case *pro se*. She made a seventh change of counsel while the case was pending in this Court.

When the second commissioner filed his report on September 11, 1986, the parties had ten days in which to file their exceptions unless the court extended the time "for good cause shown." Code § 8.01-615. Conner filed exceptions within the ten-day period and the chancellor set them for argument on December 5, 1986.

At the time the commissioner filed his report, Mrs. Lannon was represented by an attorney who had, a few days earlier, received notification that his license to practice law was suspended, effective November 1, 1986, as the result of this Court's decision in *Pickus* v. *Virginia State Bar*, 232 Va. 5, 348 S.E.2d 202 (1986). There is no evidence that Mrs. Lannon was aware of her attorney's difficulties. He failed to give her prompt notice of the filing of the commissioner's report and she did not receive a copy of the report until September 19, one day before expiration of the deadline for filing exceptions.

Mrs. Lannon employed new counsel on September 22. He filed a praecipe noting his appearance on September 23, and filed a notice with the court on September 24, requesting an extension of time for the filing of exceptions. On October 2, Mrs. Lannon's new counsel filed a formal motion for an extension of time until October 10 for the filing of exceptions, noting that he would need several days to complete a review of the transcript, which was over 1500 pages in length. On October 3, the chancellor heard this motion, denied it, and continued the case to December 5 for hearing on the exceptions filed by Conner. In denying Mrs. Lannon's motion for an extension of time, the chancellor expressed the view that she had failed to act "in good faith throughout the case" and that her frequent changes of counsel had caused "a great deal of expense and undue litigation for a mechanic's lien case." On October 10, Mrs. Lannon's new counsel lodged her exceptions with the clerk, but the chancellor refused to consider them at the hearing on December 5 because they were untimely.

The chancellor sustained some of Conner's exceptions, denied others, and, in April 1987, issued a letter opinion confirming the commissioner's report as modified by the sustained exceptions. The chancellor also taxed most of the costs against Mrs. Lannon and ordered her to pay a $1,500 attorney's fee to Conner's counsel because of her "wanton and oppressive conduct" in requiring Conner to attend "a number of hearings for the sole purpose of replacing counsel at different stages of the case." We granted Mrs. Lannon an appeal limited to the two issues mentioned above.

Mrs. Lannon argues on appeal that the court abused its discretion in denying her motion for an extension of time because the circumstances making an extension necessary were beyond her control. She further argues that the case would lie "dormant" until December 5 when Conner's exceptions could be heard, thus eliminating any possibility of prejudice to Conner. Conner contends that the denial was well within the court's discretion because of Mrs. Lannon's repeated changes of counsel and past dilatory tactics.

■ We agree with Mrs. Lannon. A review of the record indicates that although her changes of counsel contributed in some part to the glacial pace of the proceedings, they were by no means the sole cause of delay. As indicated above, the necessity of replacing the original commissioner in chancery contributed to a delay of four years and four months between reference and report. The second commissioner, who heard no additional evidence, retained the case for nearly two years. Conner delayed filing its brief for almost eight months after the evidence was concluded. Mrs. Lannon was erroneously charged with sole responsibility for these delays.

Further, the extremity in which Mrs. Lannon found herself in September 1986 was not part of a continuum, as the chancellor considered it to be. She was evidently unaware that her then counsel had been notified of the suspension of his license. No doubt because of her counsel's difficulties, she became aware that the commissioner's report had been filed, and that she had only ten days in which to respond to it, after nine of those days had passed. Her counsel made no effort to advise or assist her. She consulted new counsel promptly and he made prompt efforts to secure an extension. Her prior changes of counsel were entirely unrelated to this difficulty and did not contribute to it in any way.

■ We further agree that in the circumstances an extension of time could not have prejudiced Conner's interests. Mrs. Lannon's new counsel asked only for an extension until October 10. The case was continued until December 5 for hearing on Conner's exceptions and no decree could be entered until they were ruled upon. Thus, the extension would have interposed no additional delay. If it had been granted, Conner's counsel would still have had seven weeks in which to prepare his opposition to Mrs. Lannon's exceptions.

■ Code § 8.01-271.1 became effective July 1, 1987. It provides authority for a court to order sanctions, including reasonable attorneys' fees, against parties and attorneys who file pleadings or make motions "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Code § 8.01-271.1 (Cum. Supp. 1989). The court's ruling assessing attorneys' fees against Mrs. Lannon was made before the statute became effective. Recognizing an absence of Virginia authority for such an award, the chancellor relied on a federal bankruptcy case, *In re Randolph*, 28 Bankr. 811 (Bankr. E.D. Va. 1983), which held that despite the traditional "American rule," the prevailing party may recover attorneys' fees from the losing party when the latter has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Id.* at 813.

Notwithstanding federal decisions to the foregoing effect, which rest upon the inherent powers of the court, we have consistently adhered to the "American rule": ordinarily, attorneys' fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary. *Gilmore* v. *Basic Industries*, 233 Va. 485, 490, 357 S.E.2d 514, 517 (1987). Because that was the rule in effect at the time of entry of the final decree, the chancellor erred in awarding attorneys' fees.

Accordingly, we will vacate the award of attorneys' fees, reverse the decree, and remand the cause for hearing on the exceptions to the commissioner's report filed on behalf of Mrs. Lannon and lodged with the clerk of the trial court.

*Reversed and remanded.*