**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PALMETTO LINEN SERVICE,
INCORPORATED,
Plaintiff-Appellant,

v.                                                              No. 99-1209

U.N.X., INCORPORATED; NOVA
CONTROLS, INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CA-97-1533-4-22)

Argued: November 30, 1999

Decided: March 2, 2000

Before WILKINSON, Chief Judge, KING, Circuit Judge, and
Cynthia Holcomb HALL, Senior Circuit Judge of the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

_____

Affirmed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge King and Senior Judge Hall joined.

_____

**COUNSEL**

**ARGUED:** Olin Leo Purvis, III, OLIN L. PURVIS, III, P.C., Myrtle
Beach, South Carolina, for Appellant. David Wesley Whittington,
Charleston, South Carolina, for Appellees. **ON BRIEF:** Robert E.

Lee, MCINTOSH & LEE, Florence, South Carolina, for Appellee Nova Controls.

_____

**OPINION**

WILKINSON, Chief Judge:

Palmetto Linen Service filed a tort action for damages resulting from the alleged malfunction of a chemical dispensing system used in its commercial washers. The district court dismissed Palmetto's claims because South Carolina's economic loss rule limits Palmetto's remedies to contract and thus bars any tort recovery. We now affirm the judgment.

I.

Palmetto operates a commercial laundry business that supplies linens to hotels, restaurants, and hospitals. Defendant U.N.X., Inc., sold chemicals to Palmetto for use in the cleaning process. U.N.X. also installed a computerized pump system in Palmetto's washers to regulate the injection of the chemicals. Defendant Nova Controls, Inc., manufactured and distributed certain components used by U.N.X. in the chemical dispensing system.

Palmetto alleges that this system malfunctioned, injecting excessive amounts of chemicals into the washers and thereby destroying over $200,000 worth of Palmetto's linens. Palmetto filed suit against U.N.X., seeking damages for the destruction of its linens and other losses caused by U.N.X.'s negligence in the design, installation, and maintenance of the system.

After some discovery, Palmetto added Nova as a defendant, asserting both negligence claims and a claim for breach of express warranty. Nova had guaranteed the parts it sold to U.N.X. under a one-year limited warranty. The warranty provided only for the repair and replacement of defective equipment and expressly precluded liability for consequential damages. Nova conceded that the warranty also extended to Palmetto as a foreseeable user under the Uniform Com-

2

mercial Code (U.C.C.). <u>See</u> S.C. Code Ann.§ 36-2-318 (Law. Co-op. 1976).

In November 1998, the district court granted Nova's unopposed motion for summary judgment on the express warranty claim, leaving only Palmetto's tort claims. In January 1999, the district court granted summary judgment to both defendants on the negligence claims on the ground that South Carolina's economic loss rule barred any tort recovery by Palmetto. Palmetto now appeals the dismissal of its negligence claims.

II.

South Carolina's economic loss rule provides that where a buyer's expectations in a sale are frustrated because the product does not work properly, the buyer's remedies are limited to those prescribed by the law of contract. <u>See Kennedy v. Columbia Lumber & Mfg. Co.</u>, 384 S.E.2d 730, 736 (S.C. 1989). This doctrine demarcates the boundary between contract and tort in product liability cases by helping to determine which theories are applicable in a given action. <u>See Bishop Logging Co. v. John Deere Indus. Equip. Co.</u>, 455 S.E.2d 183, 188 (S.C. Ct. App. 1995). Its contours and rationale have been carefully explained by Judge Traxler in <u>Myrtle Beach Pipeline Corp. v. Emerson Elec. Co.</u>, 843 F. Supp. 1027 (D.S.C. 1993), <u>aff'd</u>, 46 F.3d 1125 (4th Cir. 1995) (unpublished table decision). Most fundamentally, the economic loss rule distinguishes between transactions involving the sale of goods, where contract law protects economic expectations, and transactions involving the sale of defective products to individual consumers, whose injuries are traditionally remedied by the law of torts. <u>See id.</u> at 1049.

A.

Palmetto first argues that the economic loss rule does not bar its tort claims because it merely seeks to hold defendants liable for negligence in the provision of services. Although Palmetto failed to raise this argument below, <u>see e.g.</u>, <u>Wilder Corp. v. Wilke</u>, 497 S.E.2d 731, 733 (S.C. 1998), we would nonetheless reject it.

A contract involving the delivery of both goods and services is classified as a sale of goods governed by the U.C.C. where its "predominant thrust" is "a transaction of sale, with labor incidentally involved." United States v. Southern Contracting of Charleston, Inc., 862 F. Supp. 107, 109 (D.S.C. 1994). Courts have thus often limited a party to contractual remedies where the contract calls for a combination of goods and services. See, e.g., id. at 109-10 (contract to manufacture and deliver incinerator was a sale of goods); Plantation Shutter Co. v. Ezell, 492 S.E.2d 404, 406-07 (S.C. Ct. App. 1997) (contract for purchase, installation, and adjustment of interior window shutters was a sale of goods); United States v. City of Twin Falls, 806 F.2d 862, 871 (9th Cir. 1986) (contract for purchase and installation of wastewater treatment equipment was a sale of goods); Southern States Coop. v. Townsend Grain & Feed Co. (In re L.B. Trucking, Inc.), 163 B.R. 709, 719 (Bankr. D. Del. 1994) (farmer's contract to purchase herbicide was primarily a sale of goods where trained herbicide applicator was required to spray fields).

Palmetto contracted for the chemicals supplied by U.N.X. and the installation of the chemical dispensing system. The predominant thrust of this transaction was to provide the chemicals and equipment. Any services involved in the transaction, such as the design and maintenance of the equipment, were merely incidental to the sale of goods. The economic loss rule therefore bars any negligence claim.

B.

Palmetto next argues that defendants are liable because they breached a legal duty of care separate and apart from their contractual obligations. We disagree. The economic loss rule bars a negligence action "where duties are created solely by contract." Kennedy, 384 S.E.2d at 737. Where there is a special relationship between the parties that is independent of the contract, however, there exists a duty of care whose breach will support a tort action. See Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc., 463 S.E.2d 85, 88 (S.C. 1995). For example, South Carolina courts have permitted negligence actions to proceed against engineers and lawyers based on their professional duties to plaintiffs. See, e.g., Griffin, 463 S.E.2d 85; Lloyd v. Walters, 277 S.E.2d 888 (S.C. 1981). But no special relationship exists between Palmetto and either defendant. Pal-

4

metto points to no professional duty on the part of defendants. Nor does Palmetto claim that defendants violated any code provision or contravened any industry standard. See Kennedy , 384 S.E.2d at 737. Rather, as the district court observed, the relationship between U.N.X. and Palmetto is merely one of vendor-vendee. And a mere buyer may resort only to contractual remedies.

C.

Palmetto finally argues that the "other property" exception to the economic loss rule permits it to proceed in tort. We reject this argument as well. Although the economic loss rule generally "does not apply where other property damage is proven," Kershaw County Bd. of Educ. v. United States Gypsum Co., 396 S.E.2d 369, 371 (S.C. 1990), "courts have tended to focus on the circumstances and context giving rise to the injury" in determining whether alleged losses qualify as "other property" damage, Myrtle Beach Pipeline Corp., 843 F. Supp. at 1057. Specifically, in the context of a commercial transaction between sophisticated parties, injury to other property is not actionable in tort if the injury was or should have been reasonably contemplated by the parties to the contract. See id. at 1058. In such cases the "failure of the product to perform as expected will necessarily cause damage to other property," rendering the other property damage inseparable from the defect in the product itself. Neibarger v. Universal Coops., Inc., 486 N.W.2d 612, 620 (Mich. 1992).

The district court correctly analogized the facts of the instant case to those of other cases foreclosing recovery for other property damage where such damage was foreseeable and inseparable from the alleged product defect. See, e.g., Redman v. John D. Brush & Co., 111 F.3d 1174, 1181-83 (4th Cir. 1997) (tort claim for theft of coin collection caused by defect in safe was barred because essence of plaintiff's complaint was that safe did not meet economic expectations); Purvis v. Consolidated Energy Prods. Co., 674 F.2d 217, 223 (4th Cir. 1982) (tort claim for loss of tobacco caused by defect in tobacco barns was barred because loss resulted from "ordinary commercial risk of product ineffectiveness"); Theuerkauf v. United Vaccines Div. of Harlan Sprague Dawley, Inc., 821 F. Supp. 1238 (W.D. Mich. 1993) (tort claim for death of rancher's minks caused by defective vaccine was barred because loss was the natural, foreseeable result of the product

5

defect); <u>Neibarger</u>, 486 N.W.2d 612 (tort claim for damage to cattle caused by defective milking machine was barred because loss was within contemplation of parties). The destruction of Palmetto's linens was the natural and foreseeable result of a malfunction in the chemical injection system. The other alleged losses were similarly foreseeable. The parties to the contract either contemplated or should have contemplated these dangers in allocating the risk of loss. While we do not downplay the extent of Palmetto's alleged losses, business entities must protect their commercial interests up front through the medium of contract. The economic loss rule dictates that Palmetto cannot now obtain in tort a remedy for which it did not bargain.

III.

The judgment of the district court is

<u>AFFIRMED</u>.

6