## CIRCUIT COURT OF ROANOKE COUNTY

Charles E. Goff
et ux. et al.

v.

Brian K. Hooker et ux.

July 22, 2003

Case No. CH02-237

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiffs filed their Bill of Complaint requesting injunctive relief to prevent the Defendants from closing, restricting, or otherwise obstructing a portion of an unpaved and poorly maintained road that is shown on a subdivision plat, which plat was recorded in the Clerk's Office of the Circuit Court for the County of Roanoke in November 1951. Defendants responded that the road in question was a private road and not a public road, that it had never been dedicated for public use, and that, if the Court were to find that the Plaintiffs had a right to use the private road, Plaintiffs should be required to bear a portion of the cost of maintaining the road. The Court ruled, pursuant to § 15-792, Code of Virginia (1950), as amended, that the recordation of the subdivision plat transferred the fee simple in the road to the county, thereby creating a public right of passage over the same. Plaintiffs, being the prevailing parties, now request attorney's fees. After hearing evidence *ore tenus* concerning the actions taken by each party and their motivations for those actions with regard to the road, the court denies the Plaintiffs' request for attorney's fees.

In reaching this conclusion, the Court found that neither party proceeded in this lawsuit for improper purposes. Each party thought it was right. The litigation was not filed in bad faith, vexatiously, wantonly, or for oppressive reasons. The Defendants in this action did not proceed until they sought

advice from county officials, and they relied on the long-standing county practice of treating roads such as the one in question as private roads. In addition to these facts, when considering the payment of an opponent's legal costs, Virginia has "consistently adhered to the 'American Rule;' ordinarily, attorney's fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary." *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 594 (1989). There being no contractual provision or statutory authority to the contrary and there being no bad faith, Plaintiffs' request for attorney's fees is denied.