COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Humphreys and Senior Judge Hodges
Argued at Chesapeake, Virginia


ELLIS WAYNE BOWDEN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0030-03-1                      JUDGE JAMES W. BENTON, JR.
                                                    OCTOBER 28, 2003
GAIL ANN BOWDEN


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            Stephen C. Mahan, Judge

        Jill A. Roseland (Kaufman & Canoles, P.C., on brief), for appellant.

        Charles A. Johnson for appellee.


        Gail Ann Bowden filed no pleadings in the circuit court while this divorce suit was pending.

Her husband, Ellis Wayne Bowden, who commenced the suit, contends the trial judge erred by

entering a final decree that "reserved to both parties," upon the oral motion of the wife, issues of

spousal support and equitable distribution. We agree and reverse the portions of the final decree

reserving those issues.

                                          I.

        The record establishes that the husband filed a bill of complaint for a divorce on the ground

that he and his wife lived separate and apart without cohabitation for a year. Code § 20-91(9)(a).

The bill of complaint also sought joint legal custody of their minor child, a denial of spousal support

for the wife, an award of equitable distribution, and other relief. The husband served a subpoena in

chancery and the bill of complaint on the wife; however, she filed no responsive pleadings. The

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

trial judge referred the matter to a commissioner in chancery for an inquiry and report concerning the matters alleged in the bill of complaint. Code § 8.01-609.

At the commissioner's hearing, which was held three months after the bill of complaint was filed, the wife appeared with an attorney. Her attorney made oral motions to continue the proceedings and to file "a late response to the proceeding." In support of those motions, he said that he misunderstood the nature of the husband's divorce suit and that he had "been extremely ill." The wife's attorney also said the wife had filed, but had not served, a divorce suit against the husband, and he moved to consolidate both suits. The commissioner denied the motions and informed the wife and her attorney that they could file exceptions in the circuit court when they received his report.

In the presence of the wife, the commissioner remarked to her attorney, "if you say you're incompeten[t] . . . then you need to tell her to get somebody else that's capable of representing her." The record indicates the following colloquy also occurred:

> [WIFE'S ATTORNEY]: I have a motion that all matters concerning child support, spousal support, equitable distribution, remain open - they be reserved. Spousal support, child support, custody - add custody to that.
>
> THE COMMISSIONER: Well, that . . . would be normal in a case of this type, uncontested, unless -- are you seeking -- is there no agreement in this case?
>
> [HUSBAND'S ATTORNEY]: No, Your Honor.
>
> THE COMMISSIONER: All right.
>
> [WIFE'S ATTORNEY]: As long as those remain open.
>
> THE COMMISSIONER: All right. All the parties that are going to testify, raise your right hand. Are you going to testify, Mrs. Bowden?
>
> [WIFE'S ATTORNEY]: No. We're not staying.
>
> THE COMMISSIONER: You-all are leaving?

[WIFE'S ATTORNEY]:  Yes, sir.

THE COMMISIONER:  All right.  Okay.  Let the record show that Mrs. Bowden and her attorney . . . left the room.

Sorry about your health . . . .  Good luck to you.

Based upon the *ore tenus* testimony of the husband's witnesses, the commissioner recommended in his report that (i) the husband be granted a divorce, (ii) spousal support be denied because "neither party made a claim for spousal support," and (iii) equitable distribution be denied because "neither party made a claim for equitable distribution."  When the commissioner filed his report in the circuit court, he sent copies of the report to the wife and the wife's attorney.  Neither the wife nor her attorney filed exceptions to the commissioner's report.

Two months after the commissioner filed his report, the wife appeared before the trial judge at a hearing convened to consider entry of the divorce decree.  She was accompanied by a new attorney and the attorney who earlier appeared with her at the commissioner's hearing.  Upon the wife's attorney's oral motion, the trial judge entered an order "allowing . . . substitution [of the new attorney] as counsel."  The wife's new attorney indicated that no pleading had been filed, that he "reviewed the file last night . . . [, and that he] did not see any written exceptions filed."  He also informed the judge that the wife's first attorney was disabled and, therefore, unable to adequately represent the wife.  In response to the judge's query whether the wife intended to offer exceptions to the report, the attorney orally indicated the wife wanted the judge to reserve issues of spousal support and equitable distribution.

The trial judge found that the wife earlier "was represented by an attorney who probably should not have been involved in representing her," "that it would be fairly customary in a divorce of this kind to reserve in the final decree the issue of equitable distribution and spousal support, and that had there been an attorney competently and properly representing [the wife] . . . that's probably exactly what would have happened."  The trial judge ruled, therefore, that the

issues of spousal support and equitable distribution would be reserved.  Consistent with the husband's proposed decree, the trial judge also ruled without objection that issues of child custody and support would be referred to the juvenile court.  On this appeal, the husband contests the reservations of spousal support and equitable distribution, but does not contest the referral of child support and custody to the juvenile court.  The wife is represented by yet another attorney.

II.

"Fundamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed."  Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986).

> The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought.  It is the *sine qua non* of every judgment or decree.  No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed.  Pleadings are as essential as proof, the one being unavailing without the other.  A decree can not be entered in the absence of pleadings upon which to found the same, and if so entered it is void.

Potts v. Mathieson Alkali Works, 165 Va. 196, 207, 181 S.E. 521, 525 (1935) (citations omitted).


Thus, while we noted in Reid v. Reid, 24 Va. App. 146, 149, 480 S.E.2d 771, 772 (1997), that "Code § 20-79(b) confers jurisdiction upon a trial court adjudicating a divorce to 'provide in its decree for the . . . support and maintenance [of] the spouse,' upon the 'requests' of 'either party to the proceedings,'" we held, that in a divorce proceeding the relief being sought must be "'specifically pled.'"  Id. at 150, 480 S.E.2d at 773 (citation omitted).  Similarly, we have held that "Code § 20-107.1 . . . grants to the divorce court the power to award maintenance and support, but [that] the exercise of such power remains dependent upon the pleadings having raised the issue."  Boyd, 2 Va. App. at 19, 340 S.E.2d at 580.

The record undisputably establishes that the wife filed no pleadings in this proceeding in the circuit court. She briefly attended the commissioner's hearing with an attorney who filed no pleadings or other written document. Instead, her attorney orally requested relief from the commissioner. When the wife appeared before the trial judge, the judge entered an order "allowing substitution" of the wife's new attorney even though the wife's previous attorney had made no formal appearance or filed pleadings. The wife's new counsel filed no written exceptions to the commissioner's report or any other pleadings on her behalf.

By statute, "[e]xceptions to the commissioner's report shall be filed within ten days after the report has been filed with the court, or for good cause shown, at a later time specified by the court." Code § 8.01-615; Klein v. Klein, 11 Va. App. 155, 160, 396 S.E.2d 866, 869 (1990). The wife filed no exceptions within the ten-day period, and the trial judge entered no order extending the time for filing. Even if the wife's oral request for a reservation can be considered as an exception to the commissioner's report, it was "raised for the first time during the hearing on husband's motion for final decree of divorce, . . . months past the ten-day deadline for filing exceptions to the commissioner's report, [therefore, it] was not timely raised and was not properly before the [trial judge]." Heath v. Heath, 38 Va. App. 727, 734, 568 S.E.2d 408, 411 (2002).

This case is unlike Lannon v. Lee Connor Realty Corp., 238 Va. 590, 385 S.E.2d 380 (1989), where the Supreme Court held that a trial judge abused his discretion in denying a party's motion to file exceptions to the commissioner's report after the ten-day period for filing had expired. The record in Lannon indicated the first commissioner in chancery heard the evidence over a period of two years, never filed a report, and had to be replaced due to illness. Id. at 591-92, 385 S.E.2d at 381. After the second commissioner filed his report, Lannon learned that her attorney's license to practice law had been suspended and she did not receive her copy of the

report until one day prior to the deadline for filing exceptions. Lannon promptly retained a new attorney, who filed motions requesting an extension to file exceptions to the report and later filed written exceptions. Although the trial judge did not hold a hearing on the exceptions to the report for two more months, the trial judge denied the request, citing Lannon's failure "to act 'in good faith throughout the case.'" Lannon argued that although she was forced to change attorneys six times, the delays in the case prompting her request for an extension to file exceptions to the commissioner's report were beyond her control. The Supreme Court noted that "the necessity of replacing the original commissioner in chancery contributed to a delay of four years and four months between reference and report." Id. at 593, 385 S.E.2d at 382. Indeed, the replacement of the first commissioner and the two-year delay in reporting by the second commissioner were the primary reason for the delay. The Court, therefore, ruled that the trial judge erred when he found that Lannon's changes in attorneys were the sole cause of delay in the case. Id.

Although the wife in this case also suffered from problems with her attorney, the commissioner made her aware, one month before filing his report, that she needed to seek another attorney to protect her interests. Moreover, the record indicates that the commissioner filed his report two months after the decree of reference, and he sent a copy to the wife as well as to her attorney. The judge's ruling that the wife should not be penalized by the incompetence of her first attorney is not supported by the following findings that the judge made at the hearing:

> [The wife had a] responsibility as the litigant in this case, having been advised as far back as August that she either needed to get a new attorney or she had the right to file exceptions or do, you know, to take some action on her behalf. . . .
>
> She was placed on notice she needed to do something, and so far I have no indication or evidence that any attempt at that was made until [she appeared at this hearing].

- 6 -

Thus, we hold that the trial judge abused his discretion in acting upon an untimely oral motion to reserve in the decree the issues of spousal support and equitable distribution.

In a series of cases, we have "held that where there is no bar to the right of spousal support 'it is reversible error for the trial court, upon request of either party, to fail to make a reservation in the decree of the right to receive spousal support in the event of a change of circumstances,' even though, at the time of the decree, neither party needed support." Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (quoting Bacon v. Bacon, 3 Va. App. 484, 491, 351 S.E.2d 37, 41 (1986)). See also Vissicchio v. Vissicchio, 27 Va. App. 240, 254-55, 498 S.E.2d 425, 432 (1998). In each of those cases, however, pleadings were filed requesting spousal support. See id. at 254, 498 S.E.2d at 432; Blank, 10 Va. App. at 7-8, 389 S.E.2d at 726-27; Bacon, 3 Va. App. at 487, 351 S.E.2d at 39. See also Fleming v. Fleming, 32 Va. App. 822, 826, 531 S.E.2d 38, 40 (2000) (reversing an award of "spousal support [where] the pleadings contained no request for it"). Our holdings in these cases are compatible with the following ruling in Boyd: "For us to hold that a pleading which . . . [fails to request] spousal support nevertheless empowers a court to award support would constitute an unwarranted modification of the nature of the cause of action, with potentially far-reaching effects." 2 Va. App. at 20, 340 S.E.2d at 581. We reversed an award of support in Boyd, even though pleadings were filed, because the granted relief was not pleaded. In this case, the wife filed no pleadings or timely exceptions to the commissioner's report and, thus, she has made no cognizable claim for spousal support or a reservation of spousal support. We are bound by the Boyd holding, see Collins v. Commonwealth, 30 Va. App. 443, 449, 517 S.E.2d 277, 280 (1999), and we reject the wife's argument in this case that an oral request, absent a pleading, preserves her claim to spousal support.

These same principles apply to the reservation of the issue of equitable distribution. In addition, we note that Code § 20-107.3 specifically provides that "upon decreeing a divorce from the bond of matrimony, . . . [t]he court, on the motion of either party, may retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by this section when the court determines that such action is clearly necessary." The trial judge made no such determination on this record. Indeed, absent a pleading by the wife requesting equitable distribution, the record does not support a finding of necessity.

For these reasons, we vacate those portions of the final decree reserving for future consideration issues of spousal support and equitable distribution. We, therefore, remand this matter to the trial judge for entry of a decree consistent with this opinion.

Vacated, in part, and remanded.