## CIRCUIT COURT OF FAIRFAX COUNTY

Gelles Racing, Inc.

     v.

John F. Ferris

June 24, 2008

Case No. CL 2007-7699

BY JUDGE GAYLORD L. FINCH

This matter came before the Court on an action alleging breach of an agreement to lease a race car (the "Rental Agreement"). The hearing took place on April 8-9, 2008, at which time, each party presented evidence and testimony. At the conclusion of the hearing, the Court instructed counsel to submit post-trial memoranda. All exhibits, testimony, and arguments have now been reviewed, and the Court makes the following findings of fact and conclusions of law.

The Plaintiff, Gelles Racing, Inc. (hereinafter "Gelles Racing" or "Plaintiff") asks the Court to find that the Defendant John F. Ferris (hereinafter "Ferris" or "Defendant") breached the Rental Agreement and award damages for the breach, plus interest and attorney's fees, and to dismiss the Defendant's counterclaim with prejudice.

The Defendant asks the Court to find that Plaintiff breached the Rental Agreement, order the Rental Agreement rescinded, and award damages. At trial, the Defendant brought a Motion to Strike the Plaintiff's evidence arguing that the Plaintiff failed to prove either a breach of the agreement or damages.

## I. *Applicable Law: The Uniform Commercial Code*

The Court finds that the Uniform Commercial Code for Leases applies to this action. *See* Va. Code Ann. § 8.2A *et seq.* The Uniform Commercial Code ("UCC") applies only to transactions involving the "sale of goods." Va. Code Ann. § 8.2-106(1). If a contract involves both goods and services, it qualifies as a Uniform Commercial Code contract only if its "predominant thrust" is the purchase of goods "with labor incidentally involved." *Stoney v. Franklin*, 54 Va. Cir. 591, 600 (2001); *see also Palmetto Linen Serv. v. U.N.X., Inc.*, 205 F.3d 126, 129 (4th Cir. 2000). The test is whether it is a rendition of service, with goods incidentally involved, or a transaction of sale, with labor incidentally involved. *Id.* "The test for inclusion or exclusion is not whether they are mixed but, granting that they are mixed, whether their predominant factor, their thrust, their purpose, reasonably stated, is the rendition of service, with goods incidentally involved (e.g., contract with artist for painting) or is a transaction of sale, with labor incidentally involved (e.g., installation of a water heater in a bathroom)." *Stoney v. Franklin*, 54 Va. Cir. 591, 600 (2001) The Court finds that the predominant thrust of the agreement at issue is the lease of a "good," the race car. Services, such as the mechanical support and engineering services were incidental to the lease of the race car. The Rental Agreement provided, "Lease of said [race car] includes transport, set-up, lease of car/engine/gearbox, engineering services performed by certified engineer, mechanical services, fuel, and complete data analysis for the 2007 Formula BMW USA Pro Series Championships."

## II. *Damages Under the Rental Agreement and the Uniform Commercial Code*

If the lessor or the lessee is in default under the lease contract, the party seeking enforcement has rights and remedies as provided in UCC-Leases and, except as limited by statute, as provided in the Rental Agreement. *See* Va. Code Ann. § 8.2A-501(2). As this Court has found that the Rental Agreement between the parties falls under the UCC, the Plaintiff is entitled to the remedies set forth in the Agreement as well as those remedies enumerated in UCC-Leases. *Id.*

Plaintiff cites to Va. Code Ann. § 8.2A-523 (Lessor's remedies) and Va. Code Ann. § 8.2A-529 (Lessor's action for the rent). Va. Code Ann. § 8.2A-523 provides in part:

(1) If a lessee . . . fails to make a payment when due . . . then, with respect to any goods involved and with respect to all of the goods if, under an installment lease contract, the value of the whole lease contract is substantially impaired, the lessee is in default under the lease contract and the lessor may . . . in a proper case recover rent.

Va. Code Ann. § 8.2A-529 provides:

(1) After default by the lessee under the lease contract of the type described in subsection (1) of § 8.2A-523 . . . if the lessor complies with subsection (2) of this section, the lessor may recover from the lessee as damages. . . . (b) [f]or goods identified to the lease contract after the lessor is unable after reasonable effort to dispose of them at a reasonable price or the circumstances reasonably indicate that effort will be unavailing (i) accrued and unpaid rent as of the date of entry of judgment in favor of the lessor. . . . and (iii) any incidental damages allowed under § 8.2A-530, less expenses saved in consequence of the lessee's default.

### III. *Breach of the Rental Agreement by Defendant*

The Court finds that the Defendant materially breached the contract by not paying the $35,000 due under the Agreement on June 1, 2007, and non-reimbursement for damage caused to the car by his son's crash. The Rental Agreement provided "Owner leases to Renter, and Renter hires from Owner that certain race car, hereinafter referred to as the '2007 Pro Formula BMW USA Championship Series'." John Ferris contracted to pay Gelles Racing $218,000, payable in monthly installments of $35,000 March through August 2007, with the final payment of $8,000 due on September 1, 2007. John Ferris also remitted a damage security deposit of $15,000. The Agreement further provided that Gelles Racing make the race car available to Ferris for fourteen races and ten official tests as scheduled in the 2007 Formula BMW USA Series Professional Championship. The Plaintiff asks for damages of $85,668.88 for the breach, which include all the unpaid rent as well as the damage caused by the collision, less mitigation.

Plaintiff alleges damages as follows:

$113,000 for the remainder of the rent from June until September ($35,000 x 3 months (June, July, and August) plus $8,000 for September), plus
$5,546.98 for damages caused by the collision on May 16, 2007,
each remaining month of rent on the lease less
$17,878.10 saved from not transporting Ferris's leased car to the remainder of the racing events (April 8, 2008, Tr. at 14) less
$15,000 from security deposit Ferris had paid as a condition of the Rental Agreement.
The total damages are $85,668,88 as asked for by the Plaintiff.

The Court finds that the Plaintiff is entitled to the remedies as set forth in Va. Code Ann. § 8.2A-523 and Va. Code Ann. § 8.2A-529.

Plaintiff may recover accrued and unpaid rent as of the date of entry of judgment. All of the rent as provided for in the Rental Agreement has now accrued, and the Court finds that Defendant owes Plaintiff $113,000 in rent for June through September. ($35,000 x 3 months) + $8,000. At trial, Plaintiff presented evidence sufficient for the Court to find that Plaintiff was unable after reasonable effort to dispose of the race car at a reasonable price or that the circumstances reasonably indicated that effort would be unavailing. The Court further finds that Defendant owes $5,546.98 for damage caused by Matthew Ferris's collision, as provided for in the Rental Agreement. However, Plaintiff testified that it saved "$17,000 and change" by not transporting or operating the car used by the Defendant for the remainder of the 2007 BMW Championship Series. See Apr. 8, 2008, Tr. p. 69, line 20, to p. 70, line 13. The amount owed is further reduced by the $15,000 security deposit tendered by the Defendant. The Court finds the total amount of damages owed by Defendant to Plaintiff is $85,668.88.

The Court awards interest from the date of judgment only. The Court finds that the provision in the Rental Agreement providing "Renter agrees to pay interest at the rate of 12% per annum on all sums, which remain unpaid after seven (7) calendar days as set forth above" refers only to the costs of repossession of the race car, not an issue in this case.

There was no waiver by the Plaintiff of its right to timely payment as provided in the contract. Under the terms of the Rental Agreement, payment was to be made at the first of the month, March through September 2007. Gelles Racing accepted late payments from Ferris in both April and May. Va. Code Ann. § 8.1A-303(e)(1) provides that (1) express terms prevail over

course of performance, course of dealing, and usage of trade. However, this rule is subject to subsection (f) which provides that a course of performance is relevant to show a waiver or modification of any term inconsistent with the course of performance. Va. Code Ann. § 8.1A-303(a) defines a "course of performance" as a sequence of conduct between the parties to a particular transaction that exists if: (1) the agreement of the parties with respect to the transaction involves repeated occasions for performance by a party; and (2) the other party, with knowledge of the nature of the performance and opportunity for objection to it, accepts the performance or acquiesces in it without objection.

Under some circumstances, a course of performance of accepting late payments could modify the express term of contract requiring payments on a scheduled date. Gelles Racing accepted late payments for both April and May. However, the Rental Agreement provides in Paragraph 9 that:

> Any waiver of one or more of the terms, conditions, and covenants by Owner shall not be deemed to be a waiver of such term or condition, or any other term, condition, or covenant in the future.

The Court finds that Gelles Racing did not waive its rights to timely payments as outlined in the Rental Agreement.

## IV. *Breach of the Rental Agreement by Plaintiff*

Defendant asks for damages of $114,452.02 for Plaintiff's breach of the Rental Agreement. The Court rejects the Defendant's claim that the Plaintiff materially breached the Rental Agreement. The Court finds that, under the terms of the agreement, Gelles Racing was to provide a race car and specified support services to the Defendant. Defendant asserts that Plaintiff had an additional obligation to provide a team consisting of other drivers for Ferris' son to race with. The Court finds that the agreement did not include a provision requiring the Plaintiff to provide a team and this requirement was not created by course of performance. The Court does not find that the presence of other Gelles Racing drivers at the first three racing events constituted a course of performance of providing a team for Matthew Ferris.

Ferris further asserts that Gelles Racing breached the Rental Agreement by failing to provide a competitive vehicle at the racing events, failing to provide a safe vehicle at the Road Atlanta event, failing to provide any vehicle at the Canadian Grand Prix, and failing to provide satisfactory engineering and

mechanical services. Matthew Ferris indicated that, during Road Atlanta, the first racing event, on March 19-20, 2007, the engine on the car expired, bolts came loose on the rear-wing, and the steering wheel came loose. *See* Apr. 8, 2008, Tr. at 129. Paragraph 4 of the Rental Agreement provides in part:

> Renter has inspected the BMW FB2 to its/his satisfaction and accepts said vehicle in its "as-is/where-is" condition. Owner makes no warranty whatsoever with respect to the BMW FB2 EXCEPT that, in the event of failure of any parts or damage due to collision, owner shall use its reasonable best efforts to make necessary repairs to the BMW FB2 to enable Renter to continue with the driving event.

Under Va. Code Ann. § 8.2A-214(3)(a), all implied warranties are excluded by expressions like "as is," or "with all faults," or by other language that in common understanding calls the lessee's attention to the exclusion of warranties and makes plain that there is no implied warranty if in writing and conspicuous. Furthermore, the Court finds that Ferris has not shown that the car was defective. Considering the testimony and evidence presented, the Court finds that Gelles Racing did not breach the Rental Agreement.

The Defendant testified at trial that he did not make the June payment because he was worried that the Gelles Racing team would not be able to continue to perform under the contract. *See* Apr. 9, 2008, Tr. at 54. "Q: And what was the reason why you were not going to send him [Gelles Racing] a check, that you were going to give it to a lawyer? A: I was nervous about everybody leaving the team and the whole team going down." However, the Defendant could not articulate any reasons for his concern that the Court finds gave him reasonable grounds for insecurity under the contract. Defendant testified that Gelles Racing never stated it would not travel to the next race event in Montreal. Defendant further stated that he had no knowledge of Gelles Racing's finances that would lead him to believe it was insolvent and could not perform.

Under Va. Code Ann. § 8.2A-401, a lease contract imposes an obligation on each party that the other's expectation of receiving due performance will not be impaired. If reasonable grounds for insecurity arise with respect to the performance of either party, the insecure party may demand in writing adequate assurance of due performance. Until the insecure party receives that assurance, if commercially reasonable, the insecure party may suspend any performance for which he or she has not already received the agreed return. Va. Code Ann. § 8.2A-401(1), (2).

This Code section requires that the insecure party demand *in writing* adequate assurance of performance. Ferris testified that he doubted Gelles' ability to perform the contract, in part because other members had left the team. *See* Depos. John Ferris at 92. However, Ferris never demanded in writing any assurance from Gelles Racing that it would perform. Further, as stated, Ferris did not establish that he had reasonable grounds for insecurity. Defendant had no information that Gelles Racing was insolvent or going bankrupt and had no reason to believe that, even if the other driver's left, Gelles Racing would not or could not provide him with a race car. Therefore, Defendant had not established grounds to find that Plaintiff materially breached the Rental Agreement.

## V. *Attorney's Fees*

Virginia has consistently adhered to the "American rule": ordinarily, attorneys' fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary. *Lannon v. Lee Conner Really Corp.*, 238 Va. 590, 594, 385 S.E.2d 380 (1989). The Court finds that the Rental Agreement does not provide for an award of attorney's fees under the facts of the instant case. The Rental Agreement provides:

> In the event that Renter shall default in the payment of the agreed rental amount, or failure to pay Owner any damages caused by Renter's use of the BMW FB2, then Renter hereby authorizes and empowers Owner to enter any premises where the BMW FB2 may be found . . . to take possession . . . and thereby terminate Renter's right to retain and use said vehicle. Renter agrees to indemnify and pay the Owner reasonable attorney's fees and costs of repossession.

The attorney's fees provision in the Agreement applies only in the event of repossession of the race car, not an issue in this case. Further, the personal guaranty signed by the Defendant which provides for attorney's fees upon default applies only "if Renter is a corporation, limited liability company, or partnership." The Rental Agreement further provides:

> If Renter is a corporation, limited liability company, or partnership, the undersigned . . . shall pay on demand all sums due or to become due to Owner from Renter, including all costs, reasonable attorney's fees, which may be suffered by reason of Renter's default. . . .

280

No evidence was introduced to show that Renter was a corporation, limited liability company, or partnership. The Court finds that each side shall bear its own costs, including attorney's fees.