COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff, Judges Humphreys and O'Brien
Argued at Fredericksburg, Virginia


HEIDI MAIKAI SCALZOTT

MEMORANDUM OPINION* BY
v.        Record No. 1459-17-4          JUDGE MARY GRACE O'BRIEN
                                        APRIL 17, 2018
TODD ALAN SCALZOTT


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Daniel Eric Ortiz, Judge

Samuel A. Leven (Roy J. Baldwin; The Baldwin Law Firm, LLC,
on brief), for appellant.

No brief or argument for appellee.


Heidi Maikai Scalzott ("wife") appeals the court's decision denying her request for

attorney's fees from Todd Alan Scalzott ("husband") in their divorce action.  Finding no error, we

affirm.

BACKGROUND

The parties were married on November 13, 1999 and had two children.  During the

marriage, husband was the primary wage earner and wife did not work outside the home.  At the

time of the final hearing, wife was employed, earning $57,000 per year.  Husband's salary was

$189,000 per year.

In July 2016, husband filed for divorce on the grounds of constructive desertion and

adultery, or in the alternative, one-year separation.  He sought equitable distribution, an order

denying spousal support to wife, custody of the children, child support, and attorney's fees.  In her

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

responsive pleading, wife denied the allegations of constructive desertion and adultery and requested dismissal of husband's other claims. She filed a counterclaim for separate maintenance, equitable distribution, custody, spousal and child support, and attorney's fees.

The court bifurcated the case. After a trial on May 8 and 9, 2017, the court ordered joint legal and shared physical custody of the children. On June 12 and 13, the court heard the remaining issues of divorce, equitable distribution, and spousal support. The parties agreed to reserve the issue of attorneys' fees for a later date. At the conclusion of the June trial, the court found that although there was a "strong suspicion" of "suspicious behavior" by wife that "contribute[d] to the dissolution of the marriage," the evidence was insufficient to establish adultery, and granted husband a divorce based on a one-year separation. Although wife requested $4,000 per month in spousal support, the court awarded her $2,750 per month for seven years, with a reservation for three additional years, and child support of $367 per month pursuant to the statutory guidelines in Code § 20-108.2.

In its equitable distribution ruling, the court awarded the parties' primary residence to husband, but required him to refinance it and pay wife $180,806.50 for her share of the home's equity. Each party received one-half of the marital share of the other's retirement account, each received a car, and the court equally divided their joint cash management account.

Following the ruling, the parties agreed that they would not need a hearing to determine attorneys' fees, but would submit their declarations and supporting memoranda to chambers. The court advised that after receiving their submissions it would "send a short letter opinion out on . . . the issue of fees." The court asked the parties to submit their documents "at least maybe a week [before]" a hearing date of August 4, when the court was going to enter the final order.

Despite the court's request, wife did not submit her memorandum and request for $53,020 in attorney's fees until August 3. Husband filed his opposition to wife's request and his motion for

$43,320 in attorney's fees and costs on August 4. Wife filed a reply brief on August 10. The parties also submitted a proposed "Final Order of Divorce" that included a blank paragraph labeled "Attorney[s] Fees." The court filled in that space as follows: "the [c]ourt declines to award attorney's [fees] to any party," and entered the final decree on August 9. This appeal followed.

DISCUSSION

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Wife maintains that the court abused its discretion in failing to grant her request for attorney's fees. She asserts that the court did not consider the "circumstances of the parties" and the "equities of the case" in making its decision. She also contends that because the court found her in need of spousal support, she was entitled to attorney's fees based on the holding in Thomas v. Thomas, 217 Va. 502, 229 S.E.2d 887 (1976).

In Thomas, the court granted the wife's complaint for divorce, awarded her $200 a month in spousal support, but denied her request for attorney's fees. Id. at 502-03, 229 S.E.2d at 888. However, the evidence established the wife's substantial need for support and the husband's ability to provide it. Id. at 504, 229 S.E.2d at 889. The husband's annual salary was $28,000, and the wife had earned only $1,546 in the preceding twelve months from part-time jobs. Id. at 503, 229 S.E.2d at 888-89. Additionally, her education and health limited her ability to improve this financial condition. Id. at 504-05, 229 S.E.2d at 889-90. The Supreme Court determined that the court abused its discretion in failing to award the wife her attorney's fees because "the wife need[ed] and

- 3 -

[was] entitled to maintenance and support[,] and the husband ha[d] the financial ability to meet those needs." Id. at 505, 229 S.E.2d at 890.

Wife contends that Thomas sets forth a "general rule" creating a presumption that attorney's fees should be awarded to a party who receives spousal support. However, in Artis v. Artis, 4 Va. App. 132, 354 S.E.2d 812 (1987), we addressed the specific issue of whether Thomas necessarily requires a court to award attorney's fees when the court awards spousal support. In ruling that the court did not abuse its discretion by denying a wife's request for attorney's fees, we explained:

> We do not believe that the [C]ourt in Thomas intended to adopt a rule that whenever a wife is granted support, the trial court must automatically award attorney's fees. An award of attorney's fees to a party in a divorce suit is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case.

Id. at 138, 354 S.E.2d at 815. See also Fadness v. Fadness, 52 Va. App. 833, 849 n.4, 667 S.E.2d 857, 865 n.4 (2008).

We reiterated our conclusion that Thomas does not automatically require a court to award attorney's fees to a party who is receiving spousal support in Cirrito v. Cirrito, 44 Va. App. 287, 605 S.E.2d 268 (2004). There, we held that although "the relative financial abilities and support issues should be considered as factors in weighing the equities[,] . . . these factors are not exclusively determinative as to whether an award should or should not be made." Id. at 300, 605 S.E.2d at 274. Accordingly, a court has the discretion to "consider the equities of the entire case" in determining whether an award of attorney's fees is appropriate. Id.

Here, the record reflects that although wife earns less money than husband, the disparity in income does not nearly approach that of the parties in Thomas. Further, wife received half of all marital property in the equitable distribution portion of the hearing, and husband was ordered to pay

her $2,750 per month in spousal support. We do not find that, under these circumstances, the Supreme Court's decision in Thomas required the court also to make an award of attorney's fees.

Wife also contends that because she was the prevailing party and because husband has substantial additional assets, she was entitled to attorney's fees. However, we have stated that even in divorce and post-divorce proceedings, "Virginia law consistently adheres to the 'American Rule,' which holds that, 'ordinarily, attorneys' fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary.'" Mayer v. Corso-Mayer, 62 Va. App. 713, 733, 753 S.E.2d 263, 272 (2014) (quoting Lannon v. Lee Conner Realty Corp., 238 Va. 590, 594, 385 S.E.2d 380, 383 (1989)).

In Virginia, Code §§ 20-79(b) and 20-99(6) give courts discretionary authority to "award attorney's fees and other costs as the equities of a divorce case and its ancillary proceedings may require." Tyszcenko v. Donatelli, 53 Va. App. 209, 222, 670 S.E.2d 49, 56 (2008).[1] Significantly, however, "there is no prevailing-party entitlement to fees under Code §§ 20-79(b) and 20-99[6]." Id. at 223, 670 S.E.2d at 57. "Instead, the trial court, in the exercise of its discretion, may award attorney's fees and costs to 'either party as equity and justice may require.'" Id. (quoting current Code § 20-99(6)).

Considered in its entirety, the record establishes that the court did not abuse its discretion in declining to grant wife's request for attorney's fees. Wife has invoked no contractual or statutory basis for her request that the court award attorney's fees to the prevailing party. Although the divorce was awarded to husband on the ground of one-year separation, rather than adultery, the court did articulate a "strong suspicion" of "suspicious behavior" by wife that contributed to the

_____

[1] Code § 20-79(b) provides, in relevant part, that "[i]n any suit for divorce, the court in which the suit is instituted or pending, when either party to the proceedings so requests, shall provide in its decree for . . . counsel fees and other costs, if in the judgment of the court any or all of the foregoing should be decreed." Code § 20-99(6) states that "[c]osts may be awarded to either party as equity and justice may require."

dissolution of the marriage. The court awarded the parties joint legal and physical custody of their children and divided the marital assets equitably. Wife prevailed in her request for spousal support, but received only $2,750 per month, rather than the $4,000 per month that she sought.

Furthermore, nothing in the record indicates that husband unnecessarily prolonged the litigation. See Cirrito, 44 Va. App. at 301, 605 S.E.2d at 274-75 (finding that "[t]he record contain[ed] no evidence that the husband's conduct compounded the cost of litigation requiring him to reimburse [the wife's] fees"). To the contrary, the case contained many complex and interdependent issues. For example, husband's adultery claim had the potential to negate wife's entitlement to spousal support. Code § 20-107.1(E). The court found that wife's behavior was among the "[t]he circumstances and factors which contributed to the dissolution of the marriage" and considered it in its equitable distribution determination pursuant to Code § 20-107.3(E)(5).

Finally, wife argues that by not explaining its reasons for denying attorneys' fees, the court effectively disregarded the circumstances and equities of the case "as a whole" and therefore abused its discretion. We disagree. A court is not required to articulate the basis for its decision regarding attorneys' fees, unlike when determining equitable distribution pursuant to Code § 20-107.3(E). See, e.g., Clayberg v. Clayberg, 4 Va. App. 218, 223, 355 S.E.2d 902, 905 (1987). In Clayberg, this Court reversed an equitable distribution determination for lack of compliance with Code § 20-107.3. Id. at 221-23, 355 S.E.2d at 903-05. However, we affirmed the denial of attorneys' fees to both parties. Id. at 223, 355 S.E.2d at 905. We found no abuse of discretion, even though the court did not articulate its reasons for denying the fees. Id. "[W]hile the chancellor gave no reasons for the denial of fees and costs, *it was implicit that he felt that each party had sufficient income and assets to defray their own expenses.* The record supports this conclusion." Id. (emphasis added). See also Rekow v. Rekow, No. 2588-08-04, 2009 Va. App. LEXIS 180 (Va. Ct. App. Apr. 21, 2009) (per

curiam) (affirming denial of wife's request for attorney's fees despite lack of explanation by the trial judge, because the record revealed the denial was appropriate).[2]

## CONCLUSION

For the reasons set forth above, we find that the court's denial of wife's request for attorney's fees was not an abuse of discretion under either <u>Thomas</u>, 217 Va. 502, 229 S.E.2d 887, or the circumstances and equities of this case. Accordingly, we affirm the court's decision.

<u>Affirmed.</u>

---

[2] Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value. Rule 5A:1(f).